CONSEQUA against FANNING and others.

*June* 12.		Where a decretal order of reference to a Master, to take an account, was made
			in *September*, 1817, and in *January* 1818, the Master, after hearing both
			parties, made his *report*, and in *June* following, the defendant petitioned for
			a *rehearing* on grounds affecting the merits of the decretal order; the
			court, though the party was not entitled to a rehearing, as of course, on ac-
			count of the delay in making the application, granted the petition, on the
			defendants paying all the costs of reference, under the order, and depositing
			*fifty dollars*, with the Register, towards the expenses of the rehearing, in
			case the decree should not be materially altered.

		On a petition for a *rehearing*, the party applying must deposit *fifty* dollars
			with the Register, towards the costs of the rehearing, in case the decree
			should not be materially varied.

PETITION by the defendants for a rehearing, con-
ceiving themselves aggrieved by the decretal order of the
30th of *September* last; 1. Because a *general account* was
not decreed, but only specifically; (setting forth the spe-
cific directions contained in the decretal order, which
was very particular as to the mode of taking the ac-
count.)	2. Because the decree limits the charges, to be
made by the defendant, to *remittances* and *payments*, appli-
cable to the matters charged, whereby matters of *account*,
to a large amount, viz. 86,000 dollars, were excluded :
3. Because the defendants are charged with a note given
by *Obed Chase* to the plaintiffs, for 35,700 dollars and 50
cents, or with goods sold by the plaintiffs to them for that
amount, whereas, by the pleadings and proofs, they are
not fully chargeable with that sum, in either shape, but
ought only to be charged as for *goods consigned* ; and in

that way the defendants are willing to account. 4. Because the defendants are charged with *twelve* per cent., whereas in case of consignments, they ought not to be charged with greater interest than *seven* per cent. 5. Because the defendants are charged with so much of the goods shipped by the plaintiffs on the 25th of *November*, 1810, in the ship *Chinese*, &c. &c. 6. Because the defendants are directed to account for the proceeds of 64,828 dollars and 65 cents, deducting only 43,025 dollars and 87 cents, whereas, &c.

The defendants, in praying for a rehearing, submitted to pay what costs the court should direct, in case their complaint proved to be groundless.

*T. A. Emmet* and *Brackett*, in support of the petition.

*Riggs*, for the plaintiff, offered to read an affidavit of what took place before the Master, but it was objected to by the defendant's counsel. The court, however, permitted it to be read.

The *Master's report*, dated *January* 31st, 1818, stated, that the counsel for the parties attended before him; that he had, in their presence, taken the accounts directed by the decretal order and had charged the defendants, &c. (specifying the charges) and that he had credited them for all remittances and payments, and with such other allowances as appeared to be just. That the balance due from the defendants, for the principal and interest to the date of the report, was 104,457 dollars and 91 cents.

THE CHANCELLOR. The application for a rehearing in this case has been unreasonably delayed. The defendants acquiesced in the decree, by submitting to the reference which was directed by it, and by appearing before the Master, and making their defence, by way of discharge and

payment, upon the principles contained in the decretal or-der. After the accounts have been taken and stated, and the Master's report made, the petition for a rehearing is now presented, and it goes to the grounds and substance of the decree, in respect to the mode of taking the ac-counts. The affidavit of the plaintiff's solicitor has been read, but as far as it relates to the merits of the case be-fore the Master, I should think it not admissible, and that if any information of that kind was wanting, it ought to have appeared upon the report or certificate of the Master. As far, however, as the affidavit relates to the acts of the defendants, in respect to their concurrence in taking the ac-count, it may be proper; but even here it was unnecessary, for the Master's report contains the fact of the appearance of the defendants, by their counsel, before him, and of their defence.

Considering the nature and importance of this case, I am induced to grant the petition; but then it must be upon condition that the plaintiff be indemnified for the expense he has been put to, in taking the account. The decree of the 30th *September*, was so precise and particular, in prescribing the limits, and in settling the mode of taking the accounts, that the defendants are without excuse for their delay. There was a rule of the *English* Court of Chancery, in 11 *Geo.* I. (*Beames' Orders*, p. 334. 338.) requiring a peti-tion for a rehearing to be presented within a fortnight after the order pronounced; and though the court has, in the exercise of its liberal discretion on this subject, departed from the rule, (*Newland's Practice*, p. 187.) yet the exist-ence of such a rule contains a salutary admonition.

There is, also, a standing rule in the *English* Chancery, (Rule of 1700 and of 1794. *Beames' Orders*, p. 316. 459.) that the party obtaining a rehearing, shall deposit with the Register 10*l.* to be paid to the adverse party, if the decree be not essentially varied. This is a useful check upon the abuse of such applications; and I see no reason

why a similar rule of practice ought not to prevail here. After a cause has been regularly brought to a hearing, and argued by counsel, and solemnly considered, a rehearing ought not to be a matter of course, and without costs, as it would tend to harass the party, and protract litigation.

I shall, accordingly, grant the motion for a rehearing, on condition that the defendants previously pay the costs of the reference, under the order of the 30th of *September* last, and also deposit with the Register 50 dollars, towards the expense of the rehearing, in case the decree should not be materially altered; and to be paid over as the court shall finally direct. I shall follow the practice of requiring a deposit in like cases, hereafter.

Order accordingly.