W. S. SMITH *against* SMITH and others.

When the securities held by a *trustee*, are directed by a decree confirming a Master's report, to be assigned to the *cestui que trust*, the responsibility of the trustee ceases ; and there having been no culpable negligence or default on his part in taking them, he is not to be charged with them, on making a final decree, on the equity reserved, though they may have been, perhaps, impaired by the delay of the litigation between the parties.

If a decretal order of reference is silent as to the mode of calculating interest, and the Master does not allow *annual rests*, the plaintiff should apply, on the coming in of the report, for an order on the Master to report his reasons for rejecting the claim ; or make the rejection a ground of *exception* to the report. If he does neither, and the report is confirmed, he cannot, on a final hearing, on the *equity reserved*, make the objection to the report.

In a suit brought by a *cestui que trust*, against his trustees, for an account, &c., no *costs* were allowed the plaintiff, the conduct of the defendants being fair and honest, and the allegations of misconduct unfounded.

THIS cause came on to be heard, upon the equity reserved, in the decree overruling the exceptions to the Master's report. (*Vide, ante*, S. C. p. 281.) The points now raised and argued, are sufficiently stated in the opinion delivered by the Court.

*T. A. Emmet* and *D. B. Ogden*, for the plaintiff.

*Wells*, contra.

THE CHANCELLOR. This cause coming on to be heard upon the equity reserved, the plaintiff contends,

1. That provision ought to be made in the decree for the indemnity of the plaintiff, in case any of the notes charged by the Master to the plaintiff, and credited to the defendants, should prove to be bad.

It is to be observed, that an exception was taken to the report by reason of that charge and allowance, and the same was overruled on the 8th day of *January* last. According to the doctrine of that decision, the guardian was entitled to be credited for the notes which he had ready to deliver, inasmuch as the notes were of comparatively small amount, and were taken according to the course of dealing in that part of the country, and the testator's habits of business; and especially as the makers of the notes were originally safe and responsible persons, and continued to be so to the time of taking the account by the Master. Under such circumstances, it was not deemed proper that the trouble and risk of collection of the notes should be thrown upon the guardian. It would seem, then, that this point is, in a considerable, if not in an essential degree, a repetition of the former exception. If this point be well raised, then the risk of collection of the notes is placed upon the guardian; and that was not intended when the exception was overruled; I only went so far as to say, that if any well grounded distrust had been excited by the testimony, as to the safety of the debts, or any of them, I should have held the guardian responsible.

It is now upwards of two years and an half since this suit was commenced, and upon all the material grounds of litigation, the plaintiff has failed, and the guardian has vindicated himself. It may be, that the security of some of the notes has been impaired by the delay arising from this litigation; and it would be more reasonable, that the loss,

(if any there be,) should be borne by the plaintiff, who, as it appears to me, has rather unkindly, and without due cause, carried on this sharp litigation, than by the guardian, who has successfully resisted the more injurious part of the allegations. When the securities taken by a trustee, are directed to be assigned over to the *cestui que trust*, I apprehend his responsibility ceases ; and that there is no precedent of an order or decree continuing it, after he has been directed to part with the securities, and when he has not been convicted of any culpable negligence or default in taking them. There is no middle course to be pursued. The notes ought to be absolutely charged or credited to the defendant; and I have already decided, when the exception was before me, that he was entitled to assign them. Though the learned counsel for the plaintiff appear to be dissatisfied with the former decision on this point, I can only say, that this is not the proper time and mode to question it ; nor have I been able, after a diligent consideration of the case, to partake of their dissatisfaction. I shall, therefore, not make any provision in the decree to continue the defendant's responsibility.

2. The next point raised on the part of the plaintiff, is, that he is entitled to interest on the balances that remained, from year to year, in the hands of the guardian.

The Master, under the decretal order of the 7th of *October*, 1818, was directed to take and state an account touching the trust of the guardian, and the moneys received and disbursed, and " the balance which on such account should be found due from either party to the other." It appears from the Master's report, that in taking the account, the plaintiff claimed that a balance should be struck every year, on the 1st day of *March*, and that the defendants should be charged with interest on the balance so found in their hands, and that the claim was overruled. The ground on which the claim was disallowed by the Master, does not appear in the report, and the plaintiff offered to show upon

1820.

SMITH
v.
SMITH.

the argument, *by affidavit*, that the Master overruled the claim, because the decretal order was silent on that point. The more regular way would have been, upon the coming in of the report, to have applied for an order upon the Master to have reported his reasons for rejecting that claim of interest; and so I once said in *Consequa* v. *Fanning*, on a like point. (3 *Johns. Ch. Rep.* 366.) The plaintiff did apply to the Court, and obtained an order, on the 13th of *September*, 1819, calling on the Master to report the testimony taken before him, in respect to certain other points in the cause. And the plaintiff might have made the rejection of that claim by the Master one of his exceptions on the return of the report. I am inclined to think the question of interest was placed before the Master, by the general terms of the order of reference, and that the construction put upon that order by the plaintiff, when he advanced that claim before the Master, was correct. Here, then, is a clear waiver of this objection to the report, by not making it in due time and order. The further directions, if any, were, by the order of reference, to be called for and made " on the coming in of the report." There was no such objection raised, but other objections were taken to the report, and a call made upon the Master upon other points; and now, when the discussions upon the report have ceased, and the report has been confirmed, and when the cause has been brought to a final hearing upon the equity reserved in the decree of the 8th of *January* last, and which appears to have been confined to the question of costs, this objection, as to the disallowance of interest, is raised. I am satisfied the objection is out of season, and that the good sense and convenience of the thing dictate this conclusion. The objection goes to open the report, after it has been regularly, and in the usual order and course of practice, confirmed; and it goes to open it on a point actually raised before the Master, and not noticed when the report was made up, nor when exceptions were taken to other parts of it. Whether

the guardians ought to have been charged with interest upon fluctuating balances, that might have been, from time to time, in their hands, is a complicated question, that would require the re-investigation of the merits of the case, and of the accounts, and one which comes very unfitly before the Court, for the first time, in this stage of the cause. The equity of such a claim rests very much on the exercise of sound discretion, and depends on the character of the trust, the nature of the duties, the amount in hand, and the general conduct of the parties. Without giving any decided opinion on a point not properly before me, I may be permitted to say, from my knowledge of the cause, and the nature of the discussions which have taken place, that I am not very favourably impressed with the necessity or apparent justice of the claim.

3. The last point in the case, is the question of costs; and I have no hesitation to say, at once, that it would be unreasonable and oppressive, to charge the defendants with costs, when their conduct has been fair and honest, and the allegations of misconduct unfounded. The most that I can do, (and it is not without some hesitation and difficulty that I have brought my mind to acquiesce in it,) is to exempt the fund belonging to the plaintiff from the burden of a litigation which he has commenced and conducted with a temper not very becoming, towards the guardians of his youth, and the friends of his father.

The decree will, accordingly, be, that the defendant, within forty days from the service of a copy of this decree, assign over and deliver to the plaintiff, or to his solicitor, the notes in the pleadings and report mentioned as being taken and held in trust for the plaintiff, and, also, pay over to him as aforesaid, the balance of 861 dollars 3 cents, with interest, or 709 dollars 45 cents, being part thereof, from the 8th of *November*, 1815, and with interest on 151 dollars 58 cents, the residue thereof, from the 1st day of *March*, 1817;

and that the assignment and delivery be made under the direction of one of the Masters of this Court, if the solici‑tors or counsel of the parties cannot otherwise agree as to the form and manner of the assignment, and that no costs of this suit be charged by either party as against the other.

<div align="right">Decree accordingly.</div>