## N. B. SHEPARD *vs.* GEORGE F. AKERS.

### April Term, 1876.

PARTNERSHIP ACCOUNT—DELINQUENT PARTNER—INTEREST.—Under a general reference to take a partnership account, upon the basis of a partial settlement made between the partners on a given day after dissolution, and a promise by the delinquent partner to pay the balance with which he was chargeable in a reasonable time, the master properly charged the delinquent partner with interest from that date on sums shown to have been previously collected, although the decree of reference was silent as to interest; but a like charge of interest was disallowed on sums not in fact collected, and for which the delinquent partner had agreed to become responsible in the event of failure to collect from the debtors.

*Bonner*, for complainant.

*Brien*, for defendant.

THE CHANCELLOR :—In this case, on the 5th of August, 1875, a decree was rendered settling the rights of the parties,

and ordering a partnership account between the complainant and the defendant, on the basis of a partial settlement had by them on the 21st of August, 1871, and directing the books in which the accounts were kept to be taken as *prima facie* correct, with leave to either party to show errors. The account has been taken, finding a balance in favor of the defendant and against the complainant of $1,306.12. This sum is made up of moneys actually received by the complainant, with interest thereon from the date of the settlement on the 21st of August, 1871, and of accounts of sales to customers not collected, but with which the complainant was chargeable under the terms of partnership, with interest from the same date. The master has taken the 21st of August, 1871, at which time there was a partial settlement, and before which there was a cessation of partnership transactions, as a date from which to charge interest.

The complainant has excepted to the report upon the ground that the decree does not direct the calculation of interest, that it was not a part of the partnership contract that interest should be allowed, and that there is nothing in the circumstances of the case to warrant the charge of interest.

The early decisions in reference to the allowance of interest when not ordered or reserved by the decree are very well characterized by the language of the Lord Chancellor, in *Ryves* v. *Coleman*, 2 Atk. 440. "I am of opinion," he said, "that generally no interest can be allowed where it is not ordered or reserved by the decree ; but, notwithstanding there is no particular reservation of interest by a decree, yet there is a discretionary power in the court to allow interest, upon special circumstances." In *Champ* v. *Mood*, 1 Ves. 470, the same great judge is made to say that, in the common reference to the master, a reservation of further directions in general hath not been taken to reserve interest, and interest ought to be expressly directed by the decree to be reserved ; while in the earlier case of *Goodyere* v. *Lake*, Amb. 584, he was "clear of opinion" that the court had

power to give interest, it not being reserved by the decree, under a reservation of further directions. And the latter ruling has been followed by his successors. . *Sammes* v. *Rickman*, 2 Ves. jr. 36 ; *Creuze* v. *Lowth*, 4 Bro. C. C. 316 ; *s. c.*, 2 Ves. jr. 164. And the court has even gone the length, on further directions, of charging an accounting party with interest on the balance in his hands, not only where there was no reservation of interest by the decree, but even where the original bill did not pray that the party might be so charged. *Pearse* v. *Green*, 1 Jac. & W. 135 ; *Turner* v. *Turner*, 1 Jac. & W. 43.

In this country the courts seem never to have had any difficulty on the subject, the question of interest being an incident to relief. *Benzein* v. *Robinett*, 2 Dev. Eq. 67 ; *Smith* v. *Godbold*, 4 Strobh. Eq. 186 ; *Lee* v. *Pindle*, 12 Gill. & J. 288 ; *Smith* v. *Smith*, 4 Johns. Ch. 448. In the latter case Chancellor Kent expressed the opinion that the question of interest was placed before the master by the general terms of an order of reference, which directed him to take and state an account touching the trust of a guardian, and the moneys received and disbursed, and " the balance which on such account should be found due from either party to the other." And there can be no doubt that modern usage is in conformity with this opinion. Very few of the references in this court expressly direct interest, but leave its allowance to be implied by the master from the character of the debt, or the nature and course of the transactions between the parties. *Burts* v. *Beard*, Knoxville, September term, 1873 (Com. & Leg. Rep., August 20, 1874). The right of the court to control its allowance, without any reservation, is universally conceded. And this for the obvious reason that the charge of interest may depend upon the circumstances developed by the report itself. *Margerum* v. *Sandiford*, cited 2 Ves. jr. 162 ; *Parnell* v. *Price*, 14 Ves. 502 ; *Tew* v. *Lord Winterton*, 1 Ves. 452. Further directions after a report are of course. *Creuze* v. *Hunter*, 2 Ves. jr. 164. And so are further directions, whenever necessary

to carry an order or decree into effect; and a reservation of further directions is a provision of course, the omission of which may be corrected on motion, or supplied by intendment. *Lord Shipbrooke* v. *Lord Hinchinbrook*, 13 Ves. 394; *Gardner* v. *Dering*, 2 Edw. 131; *Clark* v. *Hall*, 7 Paige, 382; *Leitch* v. *Cumpston*, 4 Paige, 476.

The rights of partners, after dissolution, are not governed by the contract of partnership, and, therefore, the allowance of interest in a contest subsequent to that event must turn upon general principles. One of these principles is that the period of dissolution of a firm is the proper period to adjust the balances, and the party who is then the debtor becomes so with the obligation to pay, and is, therefore, justly chargeable with interest on any balance of debt due by him. *Stoughton* v. *Lynch*, 2 Johns. Ch. 219. So, where there has been a stated account or settlement between parties, the balance due upon such account will carry interest, because, in such a case, it is held that there is an implied contract on the part of the debtor to pay, and all contracts to pay give a right to interest from the time when the principal ought to be paid. *Boddam* v. *Riley*, 2 Bro. C. C. 2; 4 Bro. P. C. 561. *A fortiori*, where, as in this case, the party chargeable promised to pay the balance found on settlement in a short time, and failed to disclose the fact that he had previously collected other sums not brought into the settlement. The master has taken the date of this settlement as the period from which to calculate interest, and of this the delinquent partner cannot complain. The circumstances are sufficient to sustain the charge of interest to the extent of moneys actually received.

I think it is otherwise as to those items of charge contained in the report never in fact realized, but for which the complainant is held liable by the terms of his contract. As to these items the contract does govern, and inasmuch as that contract does not fix the time when the defendant is to be charged with all worthless and doubtful debts, the responsibility of collecting which he assumes, and inasmuch

as its terms imply that the complainant shall have time to collect, the right to claim interest is not absolute. There is nothing to show that the sales were not made in good faith, to parties solvent at the time, whose subsequent failure could not be foreseen. Under these circumstances I am of opinion that the exception is well taken to the interest calculated upon these items, and the amount of such interest will be deducted from the gross sum reported. In other respects the exceptions are disallowed, and the report will be confirmed. The complainant will pay all costs.