Stadler & Co. v. Hertz & Co.

MACK STADLER & CO. v. MORRIS HERTZ & CO. et al.

1. CHANCERY PRACTICE. Signature to answer.· Where oath to answer is waived and the answer is signed by solicitor and not by defendant, it is at most but an irregularity, to be taken advantage of within twenty days after the answer is filed, which may be cured by leave of the court. But the practice in our courts long has been to treat the signing by responsible solicitors sufficient in pleading to which no oath is required.

2. CHANCERY PRACTICE. Exceptions to depositions because taken during trial term of the court are good.

3. SAME. A note which was evidence of the debt claimed in the bill, and which the bill stated would be filed before the hearing, was filed by complainants as evidence and so marked by the clerk, became a part of the record without bill of exceptions.

4. SAME. Jury in chancery. Where a rule of the court was published and entered on the minutes, declaring that no jury would be allowed unless demanded on or before the second day of the term, and motion for a jury was made more than a week after beginning of the term. Held, not error for the chancellor to refuse to order a jury.

5. SAME. Same. Where in the decree refusing to order a jury, the court recites that it is refused because not applied for within the time required by a general rule of the court, "which rule of the court is hereby made a part of this record and will be certified in case of appeal, with the transcript." Held, that this order made the rule of the court a part of the record.

---

FROM MADISON.

---

Appeal from the Chancery Court at Jackson. H. W. McCORRY, Ch.

JNO. L. H. TOMLIN for complainants.

CARUTHERS & MALLORY for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill is filed attacking a deed of trust, to secure creditors as fraudulent. The deed is made by defendants, Morris Hertz & Co., and secures debts due to their co-defendants, most of which are impeached as fictitious. This is denied by the creditors and trustee, and there is no evidence to sustain the allegation. The oath to the answers of defendants was waived, and they were signed by their solicitors only. A motion was made to take the answers from the file because not signed by defendants. This motion was overruled by the chancellor.

During the term at which the cause was tried, the complainants, on notice to defendant's solictors, took the depositions of T. C. Muse and J. H. L. Tomlin. Exceptions to said depositions were filed by defendants, on the ground of their having been taken in term time, and sustained by the chancellor. Complainants then demanded a jury to try issues to be made up, which demand was refused. A continuance of the cause was refused upon affidavit filed by complainants. The chancellor, upon the hearing, dismissed the bill, and complainants have appealed.

The Referees have reported recommending a reversal of the decree, and the remanding of the cause for the purpose of having the issues tried by a jury, they being of opinion that the refusal of a jury trial was error. And it is upon this supposed error that the Referees mainly predicate their recommendation of a reversal, although there are other proceedings which they regarded as irregular if not erroneous.

Stadler & Co. v. Hertz & Co.

The defendants have excepted to the report, as heve the complainants, also to so much of it as holds their affidavit for a continuance properly overruled.

The motion to take the answers filed from the files, was made upon the ground that said answers were not signed by respondents. They were signed by their solicitors, as such, and the respondents were excused by complainants from answering under oath. The objection is technical, and although there is authority to support the proposition that the answer should be signed by the respondents, notwithstanding the oath is waived: Sto. Eq. Pl., sec. 875, yet if the omission were material where it is signed by solicitors, it would be under our statute, but an irregularity to be taken advantage of within twenty days after answer filed, which might be easily cured by leave of the court: 2 Tenn. Ch. R., 627.

In this case the motion was not made until at the hearing, long after the filing of the answers. Besides, we think the practice in our courts long has been to treat the signing by responsible solicitors, as sufficient, in pleadings to which no oath is required.

We think the report of the Referees was correct in respect to the insufficiency of complainants' affidavit for a continuance. It does not state that the evidence desired was material. It stated a wish to retake the depositions of Tomlin and Muse, whose depositions had been taken during that term of the court, and rejected on exceptions taken by defendants. These depositions were incorporated in the bill of exceptions, and if they could be looked to, would not sustain complainants' bill.

We think the exceptions to the depositions were well taken, so far as respects their admissibility at that term of the court, during which the notice to take them was given, and during which they were in fact taken, without any order of court or agreement of parties. The cause had been at issue about a year, and no steps were taken by complainants to produce evidence until during the term at which the cause was heard and determined.

At this term, the note which is the evidence of debt claimed in the bill, and which the bill states would be filed before the hearing, was filed by complainants as evidence in the cause, a few days before the cause was heard. It was marked "filed as evidence by complainants," etc., by the clerk, and no exceptions were taken to its not having been filed at an earlier date by defendants. It was legitimately in evidence under 1 Rule in chancery, and according to the practice of the chancery court, and no bill of exceptions was necessary in a chancery case, to make it part of the record. Nor do we think that the court below was in error in refusing a jury to complainants. For the purpose of saving costs and time, and to have all jury cases tried about the same time and for the convenience of the court as recited therein, a rule of court was published and entered upon the minutes of the court, declaring that no jury will hereafter be allowed in this court, unless the demand therefor be made on or before the second day of the term, by motion on the motion docket, or at the bar of the court.

This we think a reasonable regulation, preventing surprise to the adverse party and affording opportunity to obtain a jury. The motion in this case was made more than a week after the beginning of the term, and on the same day on which the cause was heard and the decree entered.

We think the Referees were in error in holding that said rule is not properly a part of the record. In the decree of the court refusing a jury, the court recites that it is refused because not applied for within the time required by a general rule of the court, which rule of the court is hereby made a part of this record, and will be certified in case of appeal, with the transcript.

This order, we think, makes the rule of the court part of the record, and it has been certified by the clerk as ordered by the court. It might be added that the note sued on in this case, and filed by complainants as evidence, upon its face shows that it bears ten per cent interest, which rate of interest was illegal at the time it was made and fell due.

The illegality of the contract being apparent upon its face, a party seeking to enforce it must be repelled, so that we are of opinion that the report of the Referees is erroneous, and must be set aside, and the chancellor's decree affirmed with costs, and the cause will be remanded for the execution of said decree.