## Waldron *against* M'Carty.

THIS was an action of *covenant*. The declaration set forth a deed, by which the defendant, on the 1st *May*, 1799, conveyed to the plaintiff, in fee, a certain parcel of land, and therein covenanted for himself and his heirs, " the premises thereby bargained and conveyed, in the quiet and peaceable possession of the plaintiff, his heirs and assigns, forever to warrant and defend." The plaintiff then averred, that at the time of executing the deed to him, the premises were subject to, and incumbered with a mortgage, executed on the 1st *May*, 1790, by the defendant, to one *Oothout*, for securing the payment of 4521 dollars and 92 by the mortgagee, and a sale of the premises decreed, and W. purchased the same at the master's sale, and then brought his action against M. for a breach of the covenant of warranty for peaceable enjoyment; and it was held, that an action could not be maintained on the covenant, until there had been an eviction or actual ouster, by a paramount lawful title.

*M. gave a deed of land to W. and covenanted that he would warrant and defend W. in the quiet and peaceable possession of the premises. At the time of the conveyance there was a previous mortgage on the land, and a suit in chancery was afterwards brought*

NEW-YORK,
Nov. 1808.

Waldron
v.
M'Carty.

cents, and that afterwards, by virtue of a decree of the court of chancery, the premises were sold at auction, for the principal and interest, due on the mortgage; and that the plaintiff was obliged to purchase the premises, in order to prevent his being deprived and ousted of the same; and so, &c.

To this declaration there was a general demurrer and joinder.

*Henry*, in support of the demurrer. In an action of covenant, the plaintiff must set forth an eviction under a lawful title.* Should it be said that the decree of the court of chancery and sale are equivalent to an ouster, then it ought to have been shown that the plaintiff was a party to that suit, and bound by the decree. Further, the declaration does not state that the plaintiff paid any money, nor how much.

* 2 *Johns. Rep.*
1. 2 *Saund.*
177, n. 8. 10.
3 *Term Rep.*
587.

*Van Vechten*, contra. The covenant, for the breach of which this action is brought, is substantially a covenant for quiet enjoyment. Covenant will lie on a *warranty* in case of a *fine*;† and it was decided in *Staats* v. *Ten Eyck*,‡ that covenant would lie on a warranty for quiet enjoyment. The suit in chancery was a disturbance sufficient to support this action;§ and the decree and sale amount to an actual ouster by a lawful title. There is sufficient certainty in the assignment of the breach in the declaration. It was not necessary to state how much money the plaintiff had paid for the land. The breach or injury complained of is the disturbance by the mortgage, the decree in chancery, and sale. It is enough to state a superior title which has been enforced to the disturbance of the plaintiff.¶ It was not requisite for the plaintiff to show that he was a party to the suit; he does not undertake to set forth the decree, and all that can be required is, that the breach be laid with reasonable certainty. It was sufficient to state the suit in chancery, and the decree; for it is a necessary inference that all proper parties were before the court.

† 1 *Lev.* 301.
2 *Saund.* 180.
‡ 3 *Caines*, 111.
1 *Term*, 671.

§ 5 *Viner*, 161,
162. *in notes.*
T. *Raym.* 370,
371.

¶ 4 *Term Rep.*
650,651. 2 *Lev.*
37. 3 *Lev.* 305.
325. 2 *Saund.*
181 b. 1 *Term
Rep.* 672. 2
*Shower*, 425.

*Henry*, in reply. The warranty is of the peaceable possession, and the plaintiff should show an eviction by the

judgment of a court of law, or a paramount lawful title, by which the plaintiff has been turned out of possession. Suppose there had been a prior judgment against the defendant, and the premises had been sold under that judgment, that would not support this action, for the possession of the party would be still undisturbed. It does not follow, that because there was a decree of the court of chancery, that a writ of a *habere facias possess.* must have issued. The plaintiff ought to show that he was a party to the suit, and that he used all proper means to protect his possession; and it may be, if he had been a party, that he would have been relieved against the mortgage. It was requisite also, to set forth the sum paid by the plaintiff, in order to obtain a just measure of damages; and the defendant might have thought proper to pay it without a suit.

SPENCER, J. delivered the opinion of the court. The question submitted to our consideration is, whether, under the circumstances of this case, there is an eviction within the terms or spirit of the covenant. After a full examination of the cases relative to this point, and especially those cited on the argument, we do not find one, where an action of covenant has been brought on a covenant for quiet enjoyment, in which it is not expressly alleged, that there was an entry and expulsion from the possession, or some actual disturbance in the possession. The allegation of an entry and expulsion are so much of the essence of the action, that there are several cases in which issue is taken on that fact, notwithstanding, in those very cases, a lawful title, superior to the one conveyed by the deed containing the covenant for quiet enjoyment, is alleged.* In good sense, the covenant for quiet enjoyment has reference merely to the undisturbed possession, and not to the grantor's title. In the present case, judging from the deed, it was never the intention of the grantor to covenant, that the lands were free from incumbrance. From precedents, and as no authority has been shown, that the covenant for quiet enjoyment is broken by any other

*Margin notes:*

NEW-YORK, Nov. 1808.

Waldron v. M'Carty.

* 1 *Lev.* 301, 2 *Saund.* 181 *b.* n. 10.

NEW-YORK,
Nov. 1808.

acts than an entry and eviction, or a disturbance of the possession itself, we are of opinion that the demurrer is well taken.   Whether there is any remedy by any other suit, or in any other court, is not for us to inquire.   It is enough that we are satisfied that the remedy now sought is not such as the law affords.

The Court are, therefore, of opinion, that the defendant must have judgment.

Judgment for the defendant.