By the Court, Bronson, J.
The covenant for quiet enjoyment goes only to the possession—mot to the title; and before the covenantee can recover he must show an eviction or disturbance of the possession. (Waldron v. Mc Carty, 3 Johns. 471; Kortz v. Carpenter, 5 id, 120; Kerr v. Shaw, 13 id. 236; Webb v. Alexander, 7 Wend. 281.) If the covenantee never had .the possession,(a) or if he had'the possession and retains it still, it is impossible that there should have been an eviction, and no action will lie, however hard the case may seem to be. The grantee should have protected himself by other covenants. In the cases which have been cited—and there are others of the same general character—the covenantee either remained in possession, without any actual ouster before suit brought ; or else he never had any possession, either actual or constructive. In the case before us, as the premises were" wholly unoccupied, the legal seisin followed the title. The plaintiffs had the constructive possession the moment they received the deed, and could have maintained trespass against any one who should enter on the land without title, They were in such a condition that an "ouster or disseisin might follow.
Now; have the plaintiffs been evicted? ■ When Dart acquired-a paramount "title under the" mortgage, the legal seisin—the premises still being unoccupied^—immediately passed from the plaintiffs to him. He then had the- constructive possession, and could maintain trespass against the plaintiffs, as well as any one else who should enter on the land. This" would not be enough *602 without showing that Dart ha4 asserted his title to the land. The mere fact of a superior title in a third person can never amount to a breach of the covenant for quiet enjoyment. The possession of the covenantee must be disturbed—he must be evicted—by the person having the better title. It is not necessary, however, that he should be evicted by legal process: it is enough that he has yielded the possession to the rightful owner, or that such owner has entered—the premises being vacant— and taken possession. (Greenvault v. Davis, 4 Hill, 643.) Dart has asserted his right. He filed a bill in chancery for the purpose of perfecting his title under the mortgage, and made the defendants, as well as the plaintiffs, parties to the suit. And he not only acquired a perfect paper title by the foreclosure and sale, but there was a decree against all the parties to the present action that he should be let into possession of the property, and that possession should be delivered to him. All parties have acquiesced in the decree. As there was no actual possession in the plaintiffs or any one else, no formal act was necessary for the purpose of giving Dart the complete enjoyment of his legal rights. It would have been an idle ceremony to issue a writ of assistance or any other execution on the decree. The decree was executed the moment Dart received the master’s deed. And thus the constructive possession, or legal seisin, which was in the plaintiffs, was, by the acts of the parties and the operation of law transferred to Dart. He has since exercised acts of ownership over the property, and no one has questioned his right to do so. I think there has been such an eviction of the plaintiffs as amounts to a breach of the covenant.
Although this is, in several particulars, like the case of Waldron v. McCarty, (3 Johns. 471,) there is still a plain distinction between the two cases. There, the averment was that the plaintiff was obliged to purchase the premises under the decree of foreclosure, “ in order to prevent his being deprived and ousted of the same;” and on demurrer it was held that this did not amount to a breach of the covenant. But the plaintiff was in the actual possession of the land, and the possession had never been changed. In Kerr v. Shaw, (13 John. 236,) a person hav *603 $ng the paramount title had recovered in ejectment against the covenantee■ but as no execution had been issued on the judgment, and the possession had not been changed, it was held that there was no eviction. There again, the covenantee was in the actual possession of the land, and continued to hold it when the action was brought on the covenant. But here, as there was no actual possession in the plaintiffs or any one else, no execution or other formal proceeding was necessary for the purpose of giving full effect to the decree.
We think the case was properly disposed of at the circuit.
Cowen, J., was of opinion that the covenant was broken the moment the title passed to Dart, and that the action would lie although Dart had done nothing by way of asserting his title.
New trial denied.

 In North Carolina, where it appeared that, at the time of the execution of the deed to the plaintiff and previous thereto, a third person was in possession of the premises under a paramount title; held, sufficient to constitute a breach of the covenant for quiet enjoyment. (Grist v. Hodges, 3 Dev. 198.) The same doctrine was acted1 on in Duval v. Craig, (2 Wheat. 45.) In this state, however, the rule has long since been settled otherwise. (See Kortz v. Carpenter, 5 Johns. Rep. 120.)