ANDREW McALPIN v. EDWARD WOODRUFF AND JOHN B. PURCELL. — JOHN GEYER v. THE SAME.

1. A covenant for peaceable occupation and enjoyment, contained in a lease for ninety-nine years, renewable forever, reserving an annual rent, is broken by the assignment of dower in the premises to the widow of the lessor, specially of a certain portion of the rents, and charged upon the premises.

2. Such an assignment operates as an apportionment of the rents, and is equivalent to an eviction, sufficient to sustain an action by the lessee against the assignee of the reversion, to recover damages for this breach of the covenant; but in such action, the actual recovery will not be measured by the value of the dower charge as an incumbrance, but will be nominal, except so far as may be necessary to compensate the lessee for defending against the dower action, including reasonable counsel fees.

3. The charge of the dower on the premises operates as a release to the lessee of that proportion of rents otherwise payable to the owner of the reversion, and the lessee is thus indemnified for the breach of the covenant for peaceable occupation and enjoyment: but he is entitled to an injunction against the owner of the fee, to prevent the recovery of more than his share of the rent, after deducting the proportion assigned as dower.

GENERAL TERM.—These two cases were reserved from special term upon a question as to the measure of damages to be awarded to the plaintiffs, as lessees under a perpetual lease, with warranty, incurred by reason of dower having been recovered, and assigned in rent, in favor of the widow of the lessor.

*Ketchum & Headington* and *James & Jackson*, for plaintiffs.

*Edward Woodruff* and *Edmund Pendleton*, for defendants.

SPENCER, J., delivered the opinion of the court.

These two cases have been reserved from special term for the purpose of deciding by what measure of damages the plaintiffs are entitled to recover. As the petitions are precisely alike, it will be sufficient to recite the contents of one only.

In the case of Geyer it is averred that Michael P. Cassilly, in his lifetime, by indenture of lease, dated the first of April, 1835, demised to the plaintiff and William Ross, for the term of ninety-nine years, renewable forever, a certain lot, described in the petition, at an annual rent of $230, payable quarterly, besides taxes; and by a certain covenant in said deed contained, did agree with said lessees, "that they should peaceably occupy and enjoy the said premises, during said term, without any lawful interruption of or by the said Cassilly, his heirs or assigns, or any other person lawfully claiming by, from, or under him, them, or any of them, or by, from, or under any other person or persons whomsoever;" and did also further agree, in case of payment by said lessees, or their assigns, of $3,833.33 at any time during said term, to convey said premises to them in fee simple, free and clear of all incumbrances whatsoever; that said Ross has assigned his interest, under the lease, to the plaintiff; that afterward, to wit: on February 28, 1851, said Cassilly, in consideration of $5,000, conveyed his interest in said lot, with other property, to John B. Purcell, covenanting with him that the title so conveyed was free and unincumbered, and to warrant and defend the same against all claims whatsoever; that before, and at the time of the making of said lease, said Cassilly was married to Sophia B. Cassilly, with whom he lived as his wife until and up to the time of his death; that since his death said wife, now his widow, filed her petition in this court for dower in said premises, against the plaintiffs and said Purcell, upon which such proceedings were had as that dower was assigned her in due form of law, specially in said premises, as of the one-third part of the annual rents and profits,

valued and assessed at $278, payable on the 23d of May in each year, and chargeable upon the entire premises; and it was further decreed that there was due said Sophia $167.22 for sum accrued between the time of filing the petition and the assignment of dower, which was likewise charged upon the premises. The petition avers that the plaintiff was put to considerable cost in defending against said suit; that he has fully paid the rent due under the lease, up to the time of the commencement of said dower suit, and that he has paid the first two installments of dower assessed against him; that Mrs. Cassilly's age is sixty-six years, and the value of her dower interest in the premises is $2,800; wherefore petitioner claims a judgment for the amount of his costs and charges, and payments, and for the further sum of $2,800, being the alleged value of the incumbrance created upon the property by the assignment of dower therein.

The simple question presented for our decision is, to what damages is the plaintiff entitled, under the case above set forth. The only covenant in this lease alleged to be broken is, for quiet enjoyment; that is, that the lessees should peaceably occupy and enjoy said premises, without the lawful interruption of any person or persons, during the term. This covenant relates to an interruption of the possession, and does not regard the title. Hence it is not broken unless there be an eviction from, or some actual disturbance in the possession. 3 Johns. 471, *Waldron* v. *McCarty;* 5 Ib. 120, *Kortz* v. *Carpenter;* 13 Ib. 105, *Hall* v. *Dean;* 13 Ib. 236, *Kerr* v. *Shaw.* In the first of these cases, the land, when sold and conveyed, was incumbered with a mortgage, which was afterward foreclosed in chancery and sold, and purchased in by the grantee in the deed: *held*, to be no breach of the covenant for quiet enjoyment, because no actual ouster. In the second case, it was held to be no breach that the premises were held adversely at the time of the deed executed, because as possession had never been taken under the deed, there could be no eviction. In the third, there was a covenant also against incumbrances, and it was held no breach of the former

covenant that plaintiff was compelled to pay off a judgment against the property, though it was a breach of the latter covenant. In the fourth, it was held that a recovery in ejectment, without a writ of possession, was not a breach of the covenant.

What amounts to an eviction sufficient to support the action, has been the subject of some uncertainty; but it must undoubtedly be such an interruption to the possession as substantially to deprive the grantee of a portion of its benefits. Our Supreme Court has furnished a rule in the analogous covenant of general warranty, a breach of which, it is said, is only rendered complete by an eviction, which is a sufficient guide for our present decision. In *Tuite* v. *Miller*, an action was brought on a covenant of warranty, to recover as for an eviction upon an assignment of dower, precisely similar to that made in the present case. The court say, "there is no doubt but that the claim of dower is covered by a covenant of general warranty. The doubt in the case is, whether the facts show a sufficient eviction. There must be an eviction, or something equivalent. The regular mode of assigning dower is by metes and bounds, and putting the widow into possession of the part so assigned. Had that been done, it would, without doubt, have been an actual eviction. The statute provides, that when dower can not be conveniently assigned by metes and bounds, it shall be assigned in a special manner, as of a third part of the rents, issues and profits. The manner of assignment then, was in the discretion of the court, and any special mode adopted by the court should be considered as equivalent to the regular mode, and substantially an eviction;" 5 Western Law Jour. 414. And yet, in 17 Ohio, 70, *Johnson* v. *Nyce's Ex'rs*, where this rule was approved, it was held that an assignment of dower, under a decree of court, not charged specifically upon the land itself, but made a personal charge upon the defendant in respect of the land, to be enforced by execution and paid by him, was not an eviction so as to charge the vendor upon his covenant of warranty, but an incumbrance upon the land, so as to charge him upon

a covenant against incumbrance. According to the doctrine thus held, there has been a substantial eviction of the plaintiff in the present case from one-third of the premises—certainly from the benefit of the one-third part. The rule of damages upon an ouster, or eviction, is now well settled to be, in the case of an entire eviction, the amount of consideration-money, with interest for such time as will be necessary to cover a claim for mesne profits; in case of a partial eviction, such proportion of the purchase-money and interest as the part lost bears in value to the part retained. 5 Johns. 56, *Morris* v. *Phelps;* 17 Ohio, 70, *Johnson* v. *Nyce's Ex'rs; Tuite* v. *Miller,* 5 W. L. J. Had the present plaintiff purchased the premises in fee, with like covenants, he would have been entitled to recover the value of the incumbrance or charge fixed upon the premises, to be estimated according to the tables of annuities, not exceeding, however, the one-third part of the consideration paid for the property. *Tuite* v. *Miller,* 5 W. L. J.

But his interest in the property is that of a termer or lessee merely. The consideration yielded by him for its enjoyment is an annual stipend, or sum, payable quarterly. The obligation thus to pay is dependent upon the right to occupy and enjoy, and is coextensive with it. When the tenant, therefore, is ousted of his possession, or deprived of its fruits, by a paramount title, his obligation to pay rent ceases. Gilbert on Rents, 145; 3 Cruise, 313, title 28, ch. 3, §1, 2; Taylor's Landlord and Tenant, §317; 2 Hill, 106; 14 Wend. 38. And forasmuch as the parties have agreed that the rents to be paid are a fair equivalent for the occupancy of the land, and the privation of the latter relieves the tenant from his obligation to pay the former, it follows that by such release from obligation, he is fully indemnified for the loss of his possessions, whether in whole or in part, and so can recover no damages from his landlord for such loss. So where the tenant is evicted from part of the land only, the rent will be apportioned if he continues to occupy the residue, and he shall be released from the payment of

so much as is equivalent to the value of the part evicted. 1 Co. Lit. 148; 3 Cruise, title 28, ch. 3, §32; Taylor, §385; 2 Co. 22, 59, *Walker's case.*

In the present case, then, the plaintiff, having been evicted from the one-third of the premises leased, by a paramount title, is no longer under any obligation to pay rent for the part thus evicted, and by such release is indemnified for the loss of such possession, and can only recover nominal damages therefor. It is claimed, however, on the part of the plaintiff, that an eviction, to warrant a release from payment of rent, must be actual, not constructive, and that here there has been no actual eviction from any part of the premises. If this were true, then the plaintiff, by his own showing, would have no cause of action, for we have already seen that the covenant of quiet enjoyment, or of warranty, is not broken without an eviction. But it is not true, as claimed by plaintiff. For it is self-evident, that if the eviction be such as to authorize a judgment, in an action on the covenant, for the return of the consideration paid, or of so much as will be equivalent to the portion of land lost, so must it authorize a refusal to pay such consideration when the same is to become due in the future.

Neither does it matter that the reversion has been assigned to another. The reversioner has no claim upon the tenant for rent, other than in respect of the occupancy, and to the extent of such occupancy. And it is plain to our minds that Purcell, since the time when the dower has been herein assigned, and made chargeable upon the premises, can not enforce a claim against the plaintiff for the rent of this one-third part of the premises so assigned, and that any payment thereof, voluntarily made by Geyer, was, or would be, without consideration, and so no just charge upon the representatives of the lessor. It is equally plain that Purcell, who is thus ousted or evicted of the one-third part of his reversion, has his remedy over, upon the the covenants in his deed, against the representatives of his

grantor, Cassilly, to the extent of the incumbrance created by this dower estate, not exceeding, in any event, the one-third part of the consideration expressed in the deed of conveyance to him. What that recovery should be will depend upon the case which may be made, in the answer to be furnished by him, or by proof taken in the cause.

The claim made by the plaintiff, to treat the assignment of dower, not as an eviction *pro tanto,* but as a charge or incumbrance upon the property, which the plaintiff is entitled, under his covenant for quiet enjoyment, to have removed, at a cost equal to its entire value, which is said to be $2,800, is wholly inadmissible, and would lead to three manifestly unjust results:

1. It might, in an ordinary case, be the means of giving the plaintiff a fee simple title to the whole property, without consideration, because of a temporary interruption to the enjoyment of the one-third part. Thus, had the doweress, instead of being sixty-six years of age, been but twenty-five or thirty, the incumbrance, instead of being $2,800, would have been at least twice that sum, or more than the whole purchase-money of the property. So that, on recovering the mere price of a temporary incumbrance upon one-third part of the property, the plaintiff would be able to buy in the whole reversion.

2. After the plaintiff had recovered the value of the incumbrance, he might surrender, to the reversioner, a possession still incumbered, who would now have the same right of action against his grantor, and thus the latter would become twice chargeable for the same cause.

3. It would give the lessee a greater claim for damages, because of an eviction from, or charge upon, the one-third part of the premises, than he would have had if the whole had been taken from him, since in this latter event, as we have already seen, he would have had no claim at all.

The only actual loss which the plaintiff has sustained, not compensated for by the abatement of rent, since the

charge of dower became fixed upon the property—that is, the time of bringing the action for dower—is the cost and expense of defending against the dower action, including reasonable counsel fees. For the amount of these, if ascertained, the plaintiff will be entitled to judgment. He will also be entitled to a credit, against Purcell, for one-third of the rents due since the filing of the petition, and to an injunction restraining him from collecting more than two-thirds of the future rents, during the continuance of the dower incumbrance.

What remedy Purcell shall have over against the representatives of Cassilly, will be considered when his claim shall be properly presented by answer.

In pursuance of the opinion thus indicated, the cause will be remanded to special term, with instructions to proceed accordingly.