THOMAS SHADBOLT, Appellant, *v.* ELIZA M. BASSETT and LUTHER BOWERMAN, and THOMAS SHADBOLT, 2D, administrators, &c., of SAMUEL SHADBOLT, deceased.

(GENERAL TERM, SEVENTH DISTRICT, JUNE, 1869.)

S. executed to plaintiff, who was his creditor, a bond and mortgage, to secure an indebtedness, and plaintiff also recovered a judgment against him. S. then conveyed to plaintiff the mortgaged premises, in payment of his indebtedness to him, including that upon the bond and mortgage and judgment.—*Held*, plaintiff was neither a creditor of S., nor a purchaser for a valuable consideration, and not entitled, as such, to question the *bona fides* of a mortgage prior to his own in time and record, given while S. was so indebted to him, and of which he had no actual knowledge, until after the conveyance to him.

And he could not sustain an action for affirmative relief, against a prior mortgage, on the ground of want of consideration for such mortgage.

In an action against B., the mortgagee, and the administrators of S., to set aside a mortgage from S., as without consideration and in fraud of plaintiff, who claimed to be a creditor and subsequent purchaser, B. testified, as a witnesss for plaintiff, that her mortgage was upon consideration of the surrender of notes given to her by S., for services rendered to him, and also other indebtedness of S. to her. Plaintiff then offered to show, by other witnesses, that the notes were gratuitous; that the services were never rendered, and no relation of employer and employee ever existed between S. and B.; also, that the notes and mortgages were given for an illegal consideration.—*Held*, the evidence was properly excluded, as tending to impeach plaintiff's own witness.

THIS action was brought to set aside a bond and mortgage for $1,800, dated June 1st, 1858, and recorded in Monroe county Nov. 20, 1858, made by one Samuel Shadbolt to the defendant, Eliza M. Bassett, as fraudulent and void against the plaintiff, who claimed to be a creditor of the mortgagor, and a subsequent purchaser of the mortgaged premises from him. Shadbolt was deceased, and his administrators had declined to bring the action. The defendant, Bassett, alone appeared and answered. The action was tried by the court without a jury, at an adjourned circuit held at Rochester.

Plaintiff gave in evidence a mortgage for $3,500, dated November 28, 1858, upon the premises covered by the mortgage of the defendant Bassett, and proved an indebtedness to him, by Shadbolt, prior to the first June, 1858, which it was given to secure. He also proved a judgment for $666.62 in his favor, against Shadbolt, perfected March 2d, 1861, in Monroe county; and that April 10th, 1861, Shadbolt owed him, including the $3,500 secured by the mortgage and the judgment, $6,588.33 ; and that on that day, Shadbolt conveyed to him, in payment of such indebtedness, the premises covered by the two mortgages ; and that plaintiff, at the time of the conveyance, as well as at the time of the delivery of his mortgage to him, had no actual knowledge of the existence of the mortgage to the defendant, Bassett. The conveyance was put in evidence, and contained covenants of warranty, but not against encumbrances.

Plaintiff then gave evidence tending to show the insolvency of Shadbolt at the date of the mortgage from him to Bassett, and that the value of the premises, at that time, was $3,500, exclusive of the dower right of Shadbolt's wife, and in 1861, $4,000.

Plaintiff then called the defendant, Bassett, as a witness, and she testified that her mortgage was given in consideration of the surrender of certain notes, which had been executed and delivered to her by Shadbolt, for services rendered to him as a seamstress in his family, and for money loaned to him ; and that a further consideration for the mortgage was

Shadbolt *v.* Bassett.

a sum due her from Shadbolt, as the profits of a purchase and sale of real estate, made by him on her account and with her means, the amount having been ascertained sometime before the mortgage was given.

Plaintiff then called Sarah Shadbolt, the widow of Samuel Shadbolt, and offered to prove by her that the notes and mortgage by the defendant, Bassett, were gratuitous, so far as respected the alleged services; that no services whatever were rendered by the said defendant to Shadbolt, and no relation of employer and employee ever existed between them. Also, that the mortgage was given for illicit and adulterous intercourse.

This evidence was objected to on the ground that the plaintiff could not impeach or contradict his own witness, and that the proposed evidence was irrelevant and improper for either purpose. The court sustained the objection and excluded the evidence, and plaintiff excepted.

Plaintiff also offered to prove by George Shadbolt, another witness called by him, that at the time the mortgage was given to the defendant, Bassett, she owed the mortgagor a large debt over and above all demands due her from him. To this the defendant also objected for the same reasons; the court excluded the evidence, and plaintiff excepted.

The court dismissed the complaint, ordered judgment for defendant for costs, and from the judgment entered the plaintiff appealed.

*F. L. Durant*, for the appellant.

*J. Callister* and *H. L. Comstock*, for the respondent.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—E. DARWIN SMITH, P. J. The plaintiff is a purchaser of the premises in question, by deed subsequent to the defendant's mortgage, of which he had constructive notice by the registry, although he testifies that he had not actual notice in fact at the time he took his deed.

The defendant's mortgage was dated June 1st, 1858, and was duly recorded November 20th, 1858, and the plaintiff's deed was given April 10th, 1861.

The plaintiff, not being a creditor to Shadbolt, was not entitled to give evidence tending to show that the defendant's mortgage was made and given with intent to hinder and defraud the creditors of Shadbolt. (*Moseley* v. *Moseley*, 15 N. Y., 334; *Sanger* v. *Eastwood*, 19 Wend., 514.) And, not being a purchaser for a valuable consideration, he can only impeach the defendant's mortgage as a subsequent grantee of the premises, standing in the footsteps of his grantor, and upon the same precise ground which would have been available to such grantor if he had not conveyed said premises.

The mortgage being a conveyance, under seal, which imports a consideration, Shadbolt, the plaintiff's grantor, could not be allowed, at common law, to impeach it. (*Parker* v. *Parmele*, 20 John., 130; *Calkins* v. *Long*, 22 Barb., 99; *Gilleland* v. *Failing*, 5 Denio, 312.) According to these last two cases, neither Shadbolt nor the plaintiff, as his grantee, could set up the want of consideration for the mortgage as an affirmative ground of action under the provisions of the Revised Statutes. (2 R. S., 406, §§ 77, 78.) These cases hold that the right given in the statute to impeach a sealed instrument for want of consideration, is limited to a defense or offset, when the action is brought upon the instrument itself.

But, assuming that the plaintiff could sustain his action by proof that the bond and mortgage were wholly voluntary, and given and executed without any consideration, the proof offered by the plaintiff, by the witness, Mrs. Shadbolt, at the trial, was properly overruled. It was not directed to sustain any particular allegation of the complaint, but to contradict the defendant's testimony in respect to the consideration of the mortgage.

A party who is surprised by what a witness, called by him, testifies to on the trial of a cause, may doubtless prove the

affirmative facts of his action or defense by other witnesses, even though such proof, in effect, contradicts such former witnesses. (1 Greenl. Ev., 442, 443; Cowen & Hill, 533, 780.)

The plaintiff offered to prove that the two notes spoken of by the defendant in her testimony, as constituting part of the consideration of the mortgages, were gratuitous; that no services were rendered by her to Shadbolt, and no relation of an employer and employee existed.

This was directed to contradict the defendant in respect to these notes, first introduced into the case by her testimony; and the offer was also to prove that such notes were given for immoral and illicit intercourse. The evidence simply tended to impeach the defendant.

The other offer, to show that the defendant was, at the time of the mortgage, indebted to Samuel Shadbolt, proved nothing tending to make out a defense. It would have been proper proof to impeach the mortgage, if the plaintiff was suing as a judgment creditor, and the object was to show that the bond and mortgage were made to hinder and defraud the creditors or Shadbolt.

I think no error occurred on the trial, and that the judgment should be affirmed with costs.

Judgment affirmed.