ELIZA J. PARKINSON, Special Guardian, etc., Respondent, v.
MARY A. SHERMAN, Impleaded, etc., Appellant.

A purchaser of mortgaged premises who takes a deed thereof subject to
the mortgage, and assumes and agrees to pay the same, is estopped
from contesting the consideration or validity of the mortgage; and when
the mortgage was given by his grantor to secure part of the purchase-
money upon the purchase by him, said grantee, so long as he remains
in quiet and peaceful possession of the premises, cannot defend against
the mortgage, because of failure of title.

The fact that said grantee is liable to, and that in an action to foreclose
the mortgage a judgment is asked against him for any deficiency, is
immaterial.

In an action to foreclose a mortgage, the complaint alleged a convey-
ance of the mortgaged premises, subject to the mortgage to defendant
S., who assumed and agreed to pay the same, and asked judgment
against her for any deficiency. S. set up, in her answer, in substance,
that the mortgage was executed to plaintiff, as special guardian of an
infant, upon conveyance of the premises by him to the mortgagor, pur-
suant to an order of the court in proceedings for the sale of the real
estate of the infant; that in such proceedings it was alleged, and suffi-
cient proof given, that the father of the infant, who owned the premises,
was dead, whereas, in fact, he was alive when the order of sale was
made, and that title still remains in him. There was no allegation of an
eviction or disturbance of the possession of S. *Held*, that the presump-
tion was, in the absence of allegations to the contrary, that S. took pos-
session on receiving her deed, and that she continues in the posses-
sion and enjoyment of the premises; that the said allegations of the
answer constituted no defense, and were properly stricken out on motion
as frivolous.

*It seems*, that in such case relief might be obtained by an equitable action
in the nature of a bill of review, with all the parties in court, and a
restoration of the premises tendered.

(Argued May 28, 1878; decided June 4, 1878.)

APPEAL from order of the General Term of the Supreme
Court, in the second judicial department, affirming an order

of Special Term striking out parts of the answer of defendant Mary A. Sherman as frivolous.

This was an action for the foreclosure of a mortgage executed by defendants Jacobson and wife to plaintiff. The complaint alleged a conveyance of the mortgaged premises by the mortgagors to defendant Sherman, subject to the mortgage, and that in and by the deed to her she, as part of the consideration, assumed and agreed to pay the mortgage, and judgment was asked against her for any deficiency.

The answer of said defendant Sherman alleged, among other things, that the mortgage in suit was executed to plaintiff as special guardian of her son, an infant; that the mortgaged premises were granted and conveyed to, and were owned in fee by, plaintiff's husband at his decease; that the infant by plaintiff presented a petition to the Supreme Court, in the city of New York, stating that the father had died on the 20th of July, 1866, in Mexico, intestate, seized, etc., leaving the infant his only heir, and prayed for leave to sell said property; that plaintiff was appointed special guardian; a referee was appointed to take proof, and the proceedings resulted in an order for the sale and conveyance of the mortgaged premises, and pursuant to such order, the same were sold and conveyed to Jacobson, who gave back to the plaintiff the bond and mortgage in suit for a part of the purchase-money. Plaintiff, as a witness before the referee, testified to the death of her husband as set forth in the petition; the referee made his report in favor of a sale of the premises.

The answer further alleged that plaintiff's husband was, at the time of the said proceedings, and still is alive, and no conveyance was ever executed by him, either to said Jacobson or said Mary A. Sherman, and that the title to the mortgaged premises still remains in him. That defendant purchased the premises *bona fide*, in ignorance of the fact that plaintiff's husband was living, and believing and relying upon the statements as to his death. These allegations were stricken out on motion.

Statement of case.

*Francis Byrne,* for appellant. It was necessary that plaintiff should describe himself in the title and in the commencement of the complaint, and sue as special guardian. (*Henshall* v. *Roberts,* 5 East, 150; *Beach* v. *King,* 17 Wend., 197; *White* v. *Joy,* 3 Kern., 83; *Hallett* v. *Harrower,* 33 Barb., 537; Code, § 420; rule 63 of 1875; rule 54 of 1877; New Code, § 474; *Chapman* v. *Tibbits,* 33 N. Y., 289; *Swartwout* v. *Swartwout,* 1 Seld., 301.) Upon the ground of fraud or mutual mistake, the contract of sale, bond, mortgage and all conveyances should be declared void and canceled. (1 Story's Equity [12th ed.], §§ 140, 141, 142, 143, 144; *Bingham* v. *Bingham,* 1 Ves. [Denio], 127; *Stapleton* v. *Scott,* 11 Ves., 425; *Hitchcock* v. *Giddings,* 4 Price, 135; *Fulton's Executors* v. *Roosevelt,* 5 J. Chancery, 174; *Roosevelt* v. *Fulton,* 2 Cow., 129; *Champlin* v. *Laytin,* 1 Edward's Chancery,, 471; [affirmed in 6 Paige, 189, and in Court of Errors]; *Denton* v. *Morris,* 2 Edward's Chancery, 37; *Morse* v. *Elmendorf,* 11 Paige, 277; *Martin* v. *McCormick,* 4 Seld., 331; *Taylor* v. *Fleet, etc.,* 4 Barbour, 95 [cited in 40 New York, 396]; *Burwell* v. *Jackson,* 5 Seld., 535 ; *Kingston Bank* v. *Eltinge,* 40 New York, 391 ; *Thomas* v. *Barton et al.,* 48 N. Y., 193; *In Matter of Application of Mary E. Price,* 67 id., 231; *Bennet* v. *Judson,* 21 id., 238.) When a statute prescribes that some fact must exist before jurisdiction can attach in any court, such fact must exist before there can be jurisdiction; and the court cannot acquire jurisdiction by erroneously deciding that the fact exists, and that the court has jurisdiction. (*Roderigas* v. *East River Savings Inst.,* 63 N. Y., 464.) As to the death of her husband, and as to being his widow, plaintiff was not a competent witness. (Code, § 399; *Lee* v. *Dill,* 39 Barb., 516; 41 N. Y., 619; *Hyatt* v. *Seeley,* 1 Kern., 52.) Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party, and unknown to him, as the basis of a mutual agreement. (*Mead, Adm'x, etc.,* v. *Bunn,* 32 N. Y., 275.)

*W. T. B. Milliken,* for respondent.    As plaintiff did not sue as special guardian, allegations as to the character in which she sued are immaterial and redundant and may be rejected. (*Bright, Adm'r, etc.,* v. *Currie, etc.,* 5 Sandf., 433; *Merritt* v. *Leaman,* 6 N. Y., 168; *Considerant* v. *Brisbane,* 22 N. Y., 393; *Sheldon, etc.,* v. *Hoy,* 11 How., 11; *Nichols* v. *Smith,* 2 Weekly Dig., 471.)    A grantee of the equity of redemption, who has assumed the payment of a mortgage, cannot contest the consideration of the mortgage.    (*Shadbolt* v. *Bassett,* 1 Lans., 121; *Ritter* v. *Phillips,* 53 N. Y., 586; *Freeman* v. *Auld,* 44 id., 50; *Thorp* v. *Keokuk Coal Co.,* 48 id., 256; *Curtis* v. *Busch,* 39 Barb., 661; *Bumpus* v. *Platner,* 1 Johns. Ch., 213; *Abbott* v. *Allen,* 2 id.; *Banks* v. *Walker,* 2 Sanf. Ch., 344; *Edwards* v. *Bodine,* 26 Wend., 109; *Miller* v. *Morrell,* 3 Edw. Ch., 560.)    In order to have a right of action or counter-claim, where all other conditions exist, there must be a surrender of the property to one having a paramount title.    (3 Washburne, 403; *Simers* v. *Saltus,* 3 Denio, 214; *St. John* v. *Palmer,* 5 Hill, 599; *Curtis* v. *Busch,* 39 Barb., 661; *Walker* v. *McCarty,* 3 Johns., 471; *Kerr* v. *Shaw,* 73 id., 236.)

MILLER, J.    The defendant purchased the premises described in the mortgage of one Jacobson, having agreed to assume the payment of the mortgage now sought to be foreclosed ; and judgment is claimed against her for any deficiency which may arise upon the foreclosure sale.    The answer of the defendant, which has been stricken out, sets up as a defense that Jacobson obtained a conveyance of the premises by means of proceedings to sell the real estate of an infant, who, it was alleged, was the owner of the premises by reason of the death of his father, sufficient proof being given to establish such death.    It is alleged by said answer that the father of the infant was alive when the order of sale was made ; that no conveyance of his interest was ever executed, and that the title still remains in him.

There is no doubt that the intention of the court was to

authorize the sale of the premises, as the property of the infant. It was the belief of all the parties that such infant was the owner thereof, and that the purchaser acquired title by the conveyance of the special guardian to him.

The facts alleged in the answer establish, beyond any question, that there was a failure of title in the infant, and that the conveyance was made under a mistake as to the death of the father. The whole proceeding for the sale of the property was founded upon the fact, sworn to in the petition by the petitioner, and as a witness upon the reference, that her husband and the father of the infant was dead. The answer does not aver any eviction or disturbance of the defendant's possession of the premises, nor does it appear from the pleadings that she was in possession. The presumption, however, is, from the fact that the defendant received a conveyance, that she took possession of the land, and continues to possess and enjoy the same. The question then arises whether the portion of the defendant's answer which was stricken out presents any defense to the plaintiff's action. The rights of the defendant under such a state of facts are, we think, well settled by judicial adjudications. It is held that where a grantee of mortgaged premises takes a deed of the same subject to the mortgage, and thereby assumes to pay the mortgage, he is estopped from contesting the consideration and validity of the mortgage. (*Freeman* v. *Auld*, 44 N. Y., 50; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253; *Ritter* v. *Phillips*, 53 id., 586; *Shadbolt* v. *Bassett*, 1 Lans., 121.) The general rule is, that there must be an eviction before any relief can be granted, on the ground of a failure of title or consideration. So long as he remains in the peaceful and quiet possession of the premises, or until he surrenders possession of the same to a paramount title, the mortgagor, or the purchaser who assumes the payment of the mortgage, has no defense to the same. His only remedy is at law on the covenants in the deed. (*Abbott* v. *Allen*, 2 John. Ch. R., 519; *Bumpus* v. *Platner*, 1 id., 213; *Curtiss* v. *Bush*, 39 Barb., 661.)

As was said in *Abbott* v. *Allen* (*supra*), by Chancellor Kent: "It would lead to the greatest inconvenience, and perhaps abuse, if a purchaser in the actual enjoyment of land, and when no third person asserts, or takes any measures to assert, a hostile claim, can be permitted, on suggestion of a defect or failure of title, and on the principle of *quia timet*, to stop the payment of the purchase-money, and of all proceedings at law to recover it." It does not change the principle because the person affected may be liable as mortgagee for a deficiency arising upon a sale of the premises. (*Edwards* v. *Bodine*, 26 Wend., 109, 114.) If he has no covenants, he has no remedy. (*Thorp* v. *Keokuk Coal Co.*, 48 N. Y., 256.) And even in an action on the covenant there must be an eviction or an actual ouster by a paramount lawful title. (*Waldron* v. *McCarty*, 3 John., 471; *Kerr* v. *Shaw*, 13 id., 236; *Simers* v. *Saltus*, 3 Den., 214; *St. John* v. *Palmer*, 5 Hill, 599.) The principles to which we have referred fully establish the doctrine that the answer of the defendant, which is the subject of consideration, had no relevancy to the case, and the defense set up thereby was frivolous and without point. It follows, therefore, that it was properly stricken out by the court. So much of the answer as alleged that the land was mortgaged to plaintiff, " as special guardian," is immaterial and irrelevant, and could not in any way affect the decision of the case, or the rights of the parties. Nor is it important to consider whether the deed to the defendant contained covenants for a breach of which an action would lie ; for if the conveyance contained no covenants, the grantee was in fault in taking the same without any such protection, and cannot complain that no remedy exists at law. Within the rules laid down in the authorities cited, it matters not that the infant had no title so long as the defendant had not been evicted from the premises.

It is said that the appellant, having assumed payment of the mortgage debt, is to be considered as the principal debtor, as respects her covenant with her grantee, and sub-

rogated to the rights which he had arising out of the contract of purchase. Assuming that the appellant is entitled to all these rights, it is clear that under the rules referred to it would not aid her case. She would still be in the condition of one who was in possession, and who had never been evicted, and her remedy must be enforced in a different form.

Nor do the provisions of the Code, to which we have been referred, enable the defense to obtain a remedy which, as we have seen, is held not to exist in the case presented. Perhaps a bill in equity might be maintained in case of fraud, misrepresentation or concealment. If the answer had set up that the defendant was not or had not been in possession, and offered to surrender all claim to the land, a different case would have been presented, and in an equitable action in the nature of a bill of review, where all the parties were in court, a proper case made out, and a restoration of the property tendered, we are inclined to think that the proper relief might be obtained. *In the Matter of Price* (67 N. Y., 231), a conveyance was made by order of the court, upon proceedings to sell an infant's real estate, and it was determined in an action of ejectment against the grantee, that the infant only owned an undivided third, instead of one-half, and a recovery was had for one-third of the premises. The purchaser, having made compensation for the deficiency, and taken a conveyance thereof, it was held that the special guardian be required to refund for the purchase-money paid for said one-third. It was said that a court of equity has control of proceedings in any matter, and could correct irregularities, and correct mistakes within any reasonable time after they occur. The general doctrine is also upheld that where a fact is unknown when the proceedings are pending, and if known would have caused different action on the part of the court and the purchaser, and could not by proper diligence and inquiry have been discovered by the purchaser sooner than it was, chancery allows the bringing of a bill of review and will grant the proper relief. If the mortgage still remains in the hands of the special guardian, and there

was no title conveyed, by reason of the infant having none, then no one would be injured by granting the proper relief, and justice might be done. This remedy, however, cannot be invoked, as we have seen, in the case considered, and as the record stands, the order must be affirmed.

All concur.

Order affirmed.