SILAS D. GIFFORD, as Receiver of J. M. MASTERTON, etc., Respondent, v. JOHN McCLOSKEY, Archbishop of New York, Appellant, Impleaded with the FATHER MATHEW TOTAL ABSTINENCE BENEFIT SOCIETY and Others.

*Assumption of a mortgage by a grantee — an acceptance of the deed by him must be shown — when the party assuming to pay the mortgage cannot question the validity of the deed under which he claims.*

Pursuant to an order of the Supreme Court certain premises owned by a Father Mathew Total Abstinence Benefit Society were sold, subject to a mortgage, now owned by the plaintiff, to one Father John McEvoy who, in the deed, and as a part of the consideration thereof, assumed the payment of the mortage. McEvoy entered into possession of the premises and subsequently conveyed the same to Cardinal McCloskey, by a deed, by the terms of which the grantee assumed the payment of the said mortgage. The deeds to McEvoy and Cardinal McCloskey were both duly recorded.

*Held,* that as McEvoy entered into possession of the premises, and thereafter conveyed the same, and as no interference with the possession by himself or his grantee was shown, his executors could not resist a judgment for any deficiency that might arise, on account of any alleged irregularities in the conveyance to him.

That in the absence of any evidence of the acceptance of the deed by Cardinal McCloskey, other than the record thereof, it was error to hold him liable for any deficiency that might arise upon a sale under a foreclosure of the mortgage.

APPEAL by the defendants Thomas P. O'Connor, as executor of John McEvoy, deceased, and John McCloskey, archbishop, etc.,

from so much only of the judgment as orders a deficiency judgment against them in a suit to foreclose a mortgage.

In 1869 the defendant the Father Mathew Total Abstinence Benefit Society, No. 1, the owner of the mortgaged premises, mortgaged the same to John M. Masterton to secure $5,200 and interest, and by general assignment of Masterton, and proceedings thereunder and by virue of an order appointing a receiver in an equity suit to set aside the assignment, the plaintiff obtained title to the bond and mortgage in suit. The Supreme Court, by order dated December 9, 1870, authorized the sale of the mortgaged premises, and the society conveyed by deed to John McEvoy, who in the deed assumed payment of the mortgage debt "as part of the consideration hereof." The deed was duly recorded and Father John McEvoy entered into possession of the land. Father John McEvoy afterward granted the mortgaged premises, with other land, to Cardinal John McCloskey, archbishop of New York, who in the deed to him assumed payment of the mortgage debt "as part of the consideration hereof." The deeds were both duly recorded in the register's office, and were read in evidence from the records. The appellants resist the payment of the mortgage, the payment of which they assumed in the deeds under which they claim title. It was shown by testimony that under the deed to Father McEvoy, the mortgagor delivered to him possession of the mortgaged premises, and that he took possession thereof, and there is no evidence that it was ever restored to the mortgagor or that the grantees of the mortgagor were ever evicted.

After the filing of the complaint and the findings in this action the executor of McEvoy executed an instrument by which he released the defendant McCloskey from the assumption of the debt on the mortgage.

*E. C. Boardman*, for John McCloskey, appellant.

*T. G. Barry*, for O'Connor, executor, etc., of John McEvoy, appellant.

*Ralph E. Prime*, for the respondent.

PRATT, J.:

One of the issues in the cause was as to whether defendant McCloskey ever accepted the conveyance to him of the premises fore-

closed upon, and upon this issue plaintiff had the burden of proof. We find no evidence in the case upon that subject. It does not appear that the deed was delivered to him or that he ever entered into possession of the premises, exercised dominion or authority over them or made any claim under the conveyance to him placed upon the record. Inserting his name n the deed and placing it upon record would not create a liability on his part. (*Best* v. *Brown*, 25 Hun, 224; *Day* v. *Mooney*, 6 T. & C., 382.) In some cases a presumption of acceptance might arise where acceptance would be for the benefit of the grantee, but no such argument can be used here, as the incumbrances are shown to be equal to the whole value of the estate. As the answer contained a distinct averment that defendant never accepted nor knew of the conveyance the plaintiffs were well apprised of the necessity of evidence upon that issue.

The defense of defendant O'Connor, as executor of McEvoy, rests upon the alleged invalidity of the conveyance to his testator, from which it is argued that no consideration existed for his assuming the mortgage.

The case of *Parkinson* v. *Sherman* (74 N. Y., 88) decides that where the grantee's possession under the deed is undisturbed, he cannot resist the claim of the mortgagee to enforce the covenant to assume the mortgage debt. In the case at bar McEvoy entered upon the premises, assumed control and executed a conveyance purporting to convey them. No interference with the possession is shown, nor can any be reasonably apprehended. The assuming of the mortgage was the consideration upon which the property was conveyed and has been enjoyed. Established legal principles forbid any relief to the estate of McEvoy. As to Archbishop McCloskey, the judgment appealed from should be reversed, without costs, with leave to plaintiff to discontinue as against him, without costs. In other respects judgment affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Part of judgment appealed from reversed as to McCloskey, without costs, and affirmed in other respects, without costs.