*1828.*

*Land*
*v.*
*Wickham.*

---

*\*LAND v. WICKHAM.*      [\*256]

A rehearing of a cause is not a matter of course, except in the cases provided for by the rules of the court.

In other cases, a rehearing rests in the discretion of the Chancellor.

Where a decree of one Chancellor is reversed by his successor in office, a rehearing will be granted by a third Chancellor, on cause shown.

If a motion for a rehearing is made for delay, it will be refused.

\*THIS was a petition by the complainant for a rehearing, Nov. 14th.

1828.

Land
v.
Wickham.

which stated that the late Chancellor, having been counsel for one of the parties previous to his appointment, the cause was heard before Judge Betts, of the second circuit, sitting for the Chancellor; that a decree was made in favor of the complainant to the whole extent of his claim; that the cause was afterwards reheard before Judge Emott, the successor of Judge Betts, when the decree was reversed as to the principal part of the complainant's claim. The petitioner further stated that he was poor and unable to bear the expense of an appeal to the Court of Errors, and offered to waive his right to appeal if the last decree should be affirmed on a rehearing before the present Chancellor.

*G. Griffin*, for the complainant:—A cause may be twice, or oftener, reheard before different persons. *Howell* v. *Howell*, 1 Dickens, 426. *Newcomb* v. *Bonham*, 1 Vernon, 7, 214. *Bonham* v. *Newcomb*, 1 Vernon, 232. *Bovey* v. *Smith*, 1 Vernon, 60, 84, 144. *Porter* v. *Hubbert*, 2 Ch. Rep. 85; 3 Ch. Rep. 78. *Parker* v. *Doe*, 2 Chan. Cas. 200. *Noel* v. *Robinson*, 1 Vernon, 90, 94. *Pickering* v. *Lord Stamford*, 2 Ves. jun. 272, 581. 3 Ves. 332. 3 Ves. 492. *Blackburn* v. *Jepson*, 2 Ves. & Beame's R. 358. *Waldo* v. *Caley*, 16 Ves. 214. *East India Co.* v. *Boddam*, 13 Ves. 421.) The rule that a cause shall not be twice reheard is not inflexible. It only applies to a case where the same person decides twice alike. The poverty of the complainant is a ground for a rehearing, he having consented not to appeal to the Court of Errors. (2 Ball & Beat. 75.)

[*257]

*O. Hoffman* and *J. Duer*, contra:—There cannot be a second rehearing before the same Chancellor. (*Fox* v. *Mackreth*, 2 Cox's Ch. Cas. 157.) Wherever a rehearing is allowed it must be before the same person. (*East India Company* v. *Boddam*, 13 Ves. 421.) If the hearing before Judge Betts and Judge Emott, sitting as Chancellor, has not the same effect as if the Chancellor heard both arguments, then the case of the *East India Company* v. *Boddam*

applies. Special circumstances must always exists to warrant a second re-hearing.

THE CHANCELLOR :—By the ancient practice of the English Court of Chancery, as appears from the cases cited in (*Fox* v. *Mackreth*, 2 Cox's Cas. 158,) causes were sometimes reheard more than once, on the application of the same party. But it is now settled in that court, that a second rehearing cannot be had at the instance of the same party, after the first decree has been affirmed, except in a case of palpable mistake, or under very special circumstances. (*East India Company* v. *Boddam*, 13 Ves. 421.) But I have not been able to find any case in the English reports in which a rehearing has been refused on the ground that the cause had already been reheard, if the application came from the opposite party. In England, one rehearing appears to be a matter of course, on the usual certificate of counsel. (18 Ves. 325.) But by the practice of this court it is not a matter of course, except in the special cases provided for in the 70th rule. In all other cases, the granting or refusing a rehearing rests in the sound discretion of the court. The Chancellor may refuse to rehear a cause, where there is reason to suspect it is intended for delay; or may impose such terms upon the applicant as may be necessary to preserve the rights of the other party from injury during a protracted litigation. If a cause has been twice heard on the same point, and the Chancellor on the last hearing has reversed his former decree, it might be deemed unreasonable to ask the same Chancellor to review his last opinion. But if the decree of one Chancellor has been reversed by his successor in office, the first rehearing cannot reasonably be urged by *the party in whose favor it was granted, as an objection to a review by a third Chancellor, of these conflicting decisions of his predecessors. This is substantially such a case. Each of the circuit judges, when hearing this cause, represented the Chancellor in this court. I, therefore, think it a proper case to be

[*258]

1828.      reheard, and without any restriction upon the right of the
In the Matter complainant to carry the cause to the Court of Errors, if
of the Niagara the decision of this court should be against him on such
Ins. Co.
rehearing.

It is at least doubtful whether this court now possesses
the power to direct the cause to be reheard before a circuit
judge. If such power existed, it would not be a judicious
exercise of it in a case situated as this is, to send the cause
back to either of the circuit judges whose conflicting opin-
ions were to be reviewed.

There must be a rehearing before the Chancellor on the
usual terms.