ALBANY,
Feb. 2, 1829.

Murray
v.
Blatchford.

MURRAY, impleaded with others, appellant, *and* BLATCH-
FORD and others, respondents.

Costs are not allowed on the reversal of a decree by the court for the correc-
tion of errors.

A decree will be amended where, through inadvertence, costs have been given
to an appellant on the reversal of a decree, although the transcript and re-
mittitur are in the hands of the register in chancery, if the receiving and
filing of the same have been *suspended* by order of the court of chancery.

Costs in chancery necessarily follow the dismissal of a bill ordered by the
court of errors. Whenever the merits of the case are disposed of by the
decree made in the court of errors, that court has a right to adjudge as to
the costs.

Notice of a special motion to be made in the court of errors, may be given for
any *Monday* during the session of the legislature; and the motion may be
brought on, on that day, or on any day subsequent thereto when the court
is in session for the transaction of business.

PETITION to modify a decree of this court. A petition   February 2d.
was prepared, praying that the decree made in this cause, (1
*Wendell*, 625,) be corrected by striking out so much thereof
as gives to the appellant the costs of the appeal and the costs
of the defence in the court of chancery, a copy of which,
with a notice that the petition would be presented to this
court on the *nineteenth* day of January last, was duly served
on the solicitor of the appellant. The court having adjourn-
ed from the twelfth to the twenty-sixth day of January, the
petition of course could not be presented pursuant to the no-
tice. On the *twenty-sixth* day of January, however, it was
presented by *S. M. Hopkins*, counsel for the respondents.
*H. Bleecker*, of counsel for the appellant, objected prelimi-
narily to the petition being heard on this day, notice having
been given for the *nineteenth* instant, and the cause having
been remitted to the court of chancery; as to which latter
objection it appeared, that on the 20th January the remitti-
tur was handed to the register in chancery while that court
was in session, who marked the same *filed*. The counsel
for the respondents learning the fact, applied to the chancel-
lor on the same day, who ordered the marking of the paper

ALBANY,
Feb. 2, 1829.

Murray
v.
Blatchford.

to be stricken out, and directed the filing to be suspended until the further order of the court.

The court overruled the first objection.

THE CHANCELLOR was of opinion that the party was entitled to be heard, notwithstanding that the day had elapsed for which the notice had been given. That this court being usually kept open during the session of the legislature, except by short adjournments from time to time, a party may notice for any day during the session of the legislature, and is entitled to be heard on the first day the court is in session.

Mr. Justice SUTHERLAND. For purposes of notices of special applications, this court must be considered in session during the sitting of the legislature, and parties may give their notices for any *Monday* during the session, with the right to be heard on that day, or on the first day subsequent thereto when the court is in session for the transaction of business. It is absolutely necessary that such should be the practice for the convenience of parties, and to do justice to suitors in distant parts of the state, who may not know the days to which the court from time to time adjourns.

The other objection was suspended until the 2d February. In the mean time, all proceedings on the remittitur were directed to be stayed; on which day

*S. M. Hopkins* renewed the motion for a modification of the decree. This court ought not to have directed the costs in chancery to be paid by the respondents. The respondents had a decree in their favor in that court, and the question of costs had there been expressly reserved. There was no decision on the point in the court below, and the question not having there been passed upon, it could not here be acted upon. Although this court directed the bill to be dismissed, the chancellor might have seen fit to dismiss it without costs, had not this court directed otherwise.

It is the settled practice of this court not to give costs to an appellant on reversal of a decree of the court of chancery. (20 *Johns. R.* 500.)

This court cannot be considered as having lost jurisdiction of the cause. The mere manual tradition of the remittitur

to the register in chancery, does not deprive the court of jurisdiction. It has not been received by the court, and its filing is suspended to enable this court to correct any error that may inadvertently have happened. In the case of *Waters* v. *Travis*, (8 *Johns. R.* 566,) this court set aside a decree because irregularly obtained, although the transcript had been *remitted ;* and in *Cowper*, 841, the king's bench awarded a *supersedeas* to a writ of *mittimus* sent to Ireland, containing an affirmance of a judgment, and directed a new writ of *mittimus* to issue, containing an amendment of the record.

*H. Bleecker* insisted that the cause was beyond the power of the court, so as to modify its decree. Whether the remittitur is or is not marked *filed,* cannot affect this question. It is *in* the court of chancery, in the hands of the proper officer ; and if there, it is not *here.* The court of chancery has become repossessed of the cause, and cannot by any act dispossess itself of its jurisdiction over it.

In the case of *Evertson* v. *Booth*, (20 *Johns. R.* 500,) Ch. J. Spencer very much doubted whether a decree of this court could be modified after it was made, although the transcript had not been remitted. *Waters* v. *Travis* was a peculiar case ; the judgment having been obtained irregularly, it was set aside. In the case of *St. John* v. *Bishop of Winton*, (2 *Wm. Black. R.* 923,) after a judgment had been *affirmed* in the house of lords, and the record remitted to the king's bench, a motion was made to re-hear the cause on the allegation that a majority of the lords present were for *reversing* the judgment, though by surprise they did not divide the house ; the motion was not decided, but withdrawn, as it is said, for the danger of such a precedent.

The petition virtually asks for a re-hearing. No mistake is alleged to have happened ; but it is insisted that the judgment of this court is erroneous. There is a manifest impropriety in interfering with the decree, as the members of the court have changed since it was pronounced; and how can the court decide on the question of costs without going into an examination of the whole case ?

This court have awarded costs where a decree is reversed on appeal. (14 *Johns. R.* 45. *Id.* 77. 18 *Johns. R.* 543.

5 *Cowen*, 587.) As to the costs in chancery, although not passed upon in that court, it was fit and proper where this court directed the bill to be dismissed, that they should also decide the question of costs.

SAVAGE, Chief Justice. This court have power over the transcript until the court below obtains the control of it. The filing of the remittitur having been stayed in the court of chancery, the decree may be modified in such parts as are contrary to the course and practice of the court. In the decree which was made, costs of reversal were given to the appellant. This, it seems, is not conformable to the practice of the court, as said by Chief Justice Spencer, in *Evertson* v. *Booth*, though, at the time of the drawing up the decree in this cause, it was thought otherwise. The decree, therefore, must be corrected in this particular ; but it is right as to the costs in chancery, which are a necessary consequence of the dismissal of the bill.

THE CHANCELLOR. The rule was settled at an early day in this court, that costs are not allowed on the reversal of a decree. (*Le Guen & Governeur* v. *Kemble*, 1 *Johns. C.* 522, decided in 1800. *Farquharson* v. *Mabee*, 3 *Johns. R.* 553, decided in 1808.) Costs on appeal do not depend on any statutory provision, but are regulated by the law of the English courts. The decree for costs in the cases of *Parkhurst* v. *Van Cortland*, (14 *Johns. R.* 45,) *Simson* v. *Hart*, (*id.* 77,) and *Anderson* v. *Roberts*, (18 *Johns. R.* 543,) probably passed *sub silentio*. The decree in the case of *Parkhurst* v. *Van Cortland* was however subsequently, during the same session of the court in which it was made, corrected, and the costs struck out. *Mackie* v. *Cairns*, (5 *Cowen*, 587,) was a case of cross-appeals, and therefore distinguishable from ordinary appeals. In *Evertson* v. *Booth*, (20 *Johns. R.* 500,) in which the court refused to give costs of reversal of decree, a special entry is made in the minutes of the court that a party is not entitled to costs on reversal.

The decree in this case, giving costs to the appellant, was therefore inadvertently made, and should be corrected. This is not a re-hearing of the cause, but simply a correction of

an order made by the court after the decision of the main question, not affecting the merits of the case. It is right, and in furtherance of justice, that it should be done.

SUTHERLAND, J. As to questions of costs on appeals, this court are regulated by the practice of the house of lords in England. All the cases on the subject are cited in *Le Guen* v. *Governeur*, which were re-considered in 3 and 20 *Johns. R. ;* and the rule is established, that upon a reversal of a decree this court does not give costs. The decree in this respect must therefore be considered as inadvertently entered, and by correcting it, the court do not grant a re-hearing, but make an order to correspond with the settled law of the court. The transcript has not been received by the court of chancery. It must, therefore, still be considered as here, and may be corrected.

The costs in chancery necessarily follow upon the dismissal of the bill ordered by this court. This court frequently makes a final decree upon an interlocutory order appealed from, and disposes of the whole cause. Whenever the merits of the case are disposed of by the decree made here, the court have the right to adjudge as to the costs.

Whereupon, an order was proposed to be entered in these words : " Costs on reversal having been given by the decree in this cause, contrary to the course and practice of the court, it is ordered, that such decree be modified by striking out such part of the same as gives costs to the appellant in this court ;" which was *unanimously* agreed to.