1833.
GARDNER
v.
DERING.

## GARDNER v. DERING and others.

An omission in a decree of any matter which would have been inserted as a thing of course may be supplied on motion: but nothing more. And if any important error has occurred or any thing material has been omitted, a re-hearing should be asked.

*Further directions* are not given upon motion. They can only be had upon a hearing after a master's report or upon the cause coming on again for the purpose, in pursuance of a former order or decree. The Court can then add to the latter, but not so as to materially alter or vary the first decree.

An application will not be treated as one for a rehearing, unless it is apparently so and made in due form and according to the settled practice of the Court.

Where a decree in a creditor's suit directed a master to take an account of a testator's personal estate, and the location, quantity and value of his realty (but did not, in terms, order any reference as to property which might have been converted from real into personal estate since the testator's decease); and, afterwards, the master was directed to sell the realty, and bring the amount into Court and at the same time to state such accounts as had not been taken under the first decree: It was held, that he could not go into the inquiry or compel the executrix to account for any timber or wood cut or sold after the death of the testator.

February 20.
1833.

*Practice.*
*Decree.*
*Further directions.*
*Rehearing.*

A motion to obtain further directions to a master or for a rehearing or other relief.

1833.

GARDNER
v.
DERING.

On the twenty-third day of April one thousand eight hundred and twenty-seven, a decretal order had been made, wherein a master was directed to ascertain the account of personal estate of which a deceased testator was possessed or to which he was entitled at the time of his death and what amount remained in the hands of the defendant, Mrs. Esther Sarah Dering, as his executrix, unadministered. Also, that the personal estate, as before mentioned, (not, what should be or might have been converted from real into personal property by the executrix) be applied in the due course of administration, &c. and if insufficient to pay all the debts, then the complainant or any other creditors should be at liberty to apply on the foot of the decree for the sale of the real estate; and to this end, the master was first directed to ascertain and report the location, quantity and value of such real estate : but, nothing more. The decree did not take in any part of the real estate which the executrix might have converted into personalty.

The master reported upon the claims of creditors and the situation and probable value of the real estate.

Upon this report, the cause was heard for further directions : and on the eighth day of September one thousand eight hundred and twenty-seven a decretal order was made for the sale of the real estate, with a direction for the proceeds to be brought into court, while all questions, as to distribution, &c. were reserved until the master should make a further report ; and he was also directed to proceed and state the accounts which had not then been taken or stated, as directed by the said decretal order of the twenty-third day of April. In proceeding to do so, the master decided that he could not go into the inquiry or compel the defendant, Mrs. Dering, to account for any timber or wood cut and sold subsequent to the death of the testator, because it was not embraced in the order.

Mr. *G. Griffin* and Mr. *W. N. Dyckman* for the present motion.

Mr. *D. Lord* contra.

GARDNER
*v.*
DERING.
*February* 23.
1833.

THE VICE-CHANCELLOR :—I am inclined to think the court might, with propriety, have directed an inquiry as to any timber and trees cut and sold after the death of the testator and also an account of any thing belonging to the realty converted into money. But, the complainant does not appear to have asked for a decree to this extent, or, if he has done so, still the court has not granted it. I think the master has decided correctly in not compelling the required account from Mrs. Dering.

The question then is, whether, upon the motion now made, the court can give the master authority to make such inquiry and compel such an account, by way of further directions ? The court is asked to do this, either by adding to the order of reference heretofore granted or by making a new and separate order. But, it is manifest, neither can be done short of a hearing for further directions or a rehearing of the cause.

An omission in a decree of any matter which would have been inserted as a thing of course may be supplied on motion: *Wallis* v. *Thomas*, 7. Ves. 292 ; *Pickard* v. *Mattheson*, Ib. 293 ; but I find no case in which the court has ever done more than this. " Further directions" are not given upon motion. They are only granted upon a hearing after a master's report or upon the cause coming on again for the purpose, in pursuance of a former order or decree. The court may then add to a decree : for instance, by allowing interest upon a sum reported by the master to be due: *Creuze* v. *Hunter*, 2. Ves. Jr. 164.; or by declaring what are the rights of parties as ascertained under the first order or decree and thus carry out and effectuate the object of the suit. But, upon a hearing for further directions on points or equity reserved, the court cannot materially alter or vary the first decree : *Parnell* v. *Price*, 14. Ves. 502.

If any error has occurred or any thing material has been omitted in a decree, which it is not perfectly a matter of course to correct or insert, then a rehearing should be asked. The case of *Brookfield* v. *Bradley*, 2. S. & S. 64. is strongly in point.

I am of opinion the court cannot, by way of further directions, amend the decretal order and thereby embrace the enquiry now sought to be made.

Nor can I treat the present motion as an application for a rehearing. If the complainant is in time and has not, by his delay and apparent acquiescence in the decree of April, one thousand eight hundred and twenty-seven, lost or waived his right to a hearing, still the application should be made in due form and according to the established practice of the court. The *M. S.* order in *Stoughton* v. *Lynch*, before Chancellor Kent, to which I have been referred, was made upon a petition for a rehearing; and, this being granted, the cause was reheard (probably by consent) and the former decree was varied. This was according to the usual course; and it is not a precedent for deviating.

I cannot, at present, go into the merits of the complainant's claim for an account of timber and wood cut and sold after the death of the testator. The question is not properly before me. But it has been urged, that, inasmuch as the executrix has admitted, by the schedule annexed to her answer, the receipt of four hundred dollars as the net proceeds of wood sold, therefore the complainant ought to be permitted to surcharge or falsify as to such item: for the purpose of showing the amount to be much larger—and that the master should be instructed accordingly. If this money were the proceeds of wood severed and forming part of the personal estate at the time of the testator's death, then the complainant has already the privilege of disputing the correctness of the item under the general directions which have been given to the master to take and state the account of the personal estate; and in no other point of view, as the decretal order now stands, can the inquiry take place. If it be the proceeds of wood subsequently severed from the land, the complainant must take it as so much money voluntarily brought into the accounts and not liable to be questioned: unless he can obtain an alteration of the decree so far as to require her to account for the latter description of property, as well as for what was, in the first instance, personal estate.

Upon no principle can I interfere at present; and the motion must be denied, with costs.