### Goodhue and others *vs.* Churchman and others.

A final decree, which has been regularly entered, upon a bill taken as confessed, will not be set aside upon the mere affidavit of the defendant that he is advised he has a good defence on the merits. He must either state the nature and facts of his defence in the affidavit, or he must move upon the sworn answer which he proposes to put in; so that the court can see what that defence is. And in either case, the complainant is entitled to service of a copy of the answer or affidavit upon which the motion is based.

Where the whole defence in a suit rests upon the information and belief of a part of the defendants, as to matters which they have derived from some of their co-defendants, to justify the opening of a regular decree, upon an answer setting up those matters, such answer should be served upon the complainant's solicitor, together with an affidavit of the person who furnished the information which constitutes the alleged defence.

The objection that a decree is erroneous, and is not warranted by the allegations in the bill upon which it is founded, affords no sufficient ground for vacating such decree upon motion.

If a decree is erroneous, in that respect, the remedy of the party injured is by an application for a rehearing; or if the decree has been enrolled, by a bill of review.

This was an appeal from an order of the vice chancellor of the first circuit, denying the application of three of the defendants to vacate the decree entered in this cause, and to allow those defendants to put in an answer to the bill of the complainants. The answer proposed to be put in was not served upon the complainant's solicitor with notice of the application, and therefore could not be read upon the motion. But the counsel for the appellants insisted that the decree was erroneous upon the bill taken as confessed, and was not warranted by the case made by the bill.

*J. R. Whiting*, for the appellants.

*J. Coit*, for the respondents.

The Chancellor. It has repeatedly been decided, in this court, that a final decree which has been regularly entered, upon a bill taken as confessed, will not be set aside upon the mere affidavit of the defendant that he is advised he has a good

Goodhue v. Churchman.

defence on the merits. He must either state the nature and facts of his defence in the affidavit on which his application is founded, or he must move upon the sworn answer which he proposes to put in; so that the court can see what that defence is. And in either case, the complainant is entitled to a service of a copy of the answer, or affidavit, upon which the motion is based. The answer in this case—which had not been served upon the solicitor the usual time before the application was made—could not properly be read in support of the motion. I have looked into the answer, however, for the purpose of seeing if any thing was sworn to by either of the defendants, as facts within their own knowledge, constituting a meritorious defence. And I find that the whole defence rests upon the information and belief of these defendants, as to matters which they have derived from some of their co-defendants, who appear to have obtained the acceptance, upon which this suit is based, from the appellants improperly. To justify the opening of a regular decree upon that answer, therefore, they should not only have served it upon the complainants' solicitor, as a part of the foundation of their application, but they should have annexed the affidavit of the person who gave them the information which constitutes the alleged defence. Without such an affidavit, the complainants should not be compelled to give up their decree and go into a protracted litigation with parties who are admitted to be insolvent; especially as the complainants offer to open the default, provided security is given for the payment of the debt and costs which they may eventually recover against the appellants in this suit.

The objection that the decree is erroneous, and is not warranted by the allegations in the bill upon which it is founded, affords no sufficient ground for vacating the decree upon motion. If it was erroneous in that respect, the remedy of the appellants was by an application for a rehearing, and in the form prescribed by the rules of this court. Or, if the decree had been enrolled, the remedy was by a bill of review. There was, perhaps, a technical error in taking the decree for the balance due on account of the advance made upon this acceptance, without proof that the value of the property mentioned in that acceptance, and

which was not subsequently delivered, was equal to that balance; there being no averment in the bill to that effect. But as the form in which the proposed . decree was intended to be taken was stated to one of the appellants and he made no objection on that ground, it may fairly be inferred that the property mentioned in the acceptance was equal to the advance made to the drawers on the faith of that acceptance. If so, the decree which has been taken is more favorable to the appellants than they would have been strictly entitled to, upon their bill taken as confessed.

The order appealed from must therefore be confirmed with costs.