# SUPREME COURT.

JUAN M. PICABIA agt. FRANCIS EVERARD, PETER DELMONICO, adm'r, and others.

A final decree regularly entered (not enrolled) cannot be corrected on *special motion;* it must be done on a *re-hearing.* If enrolled, it must be by bill of review.

The court will not suffer the plaintiff to dismiss his bill after a decree, *unless upon consent.* (1 Barb. Ch. R. 228; 1 Dan. Ch. Pr. 930; *Lashley* v. *Hogg,* 11 Vesey, 602; *Gilbert* v. *Faules,* 2 Freem. 158; *Anon.* 11 Ves. 169.)

*New York Special Term, Oct.* 1849.—The defendant, Delmonico, as administrator, &c., presented a petition setting forth that he was the owner, by assignment from the plaintiff, of the mortgage to foreclose which this suit had been brought; that in 1844 a decree had been entered in the suit by default, but it had not yet been enrolled; that the premises were liable to three prior mortgages, one to Bishop Hughes for $24,000, and two to John Targee for some $10,000; and that there was due on the mortgage in this suit about $14,000; that the premises would not sell for more than $40,000, which would not be sufficient to satisfy all the mortgages; and that if the premises were sold subject to the prior mortgages, (as they must be, as neither the Bishop or Targee had been made parties,) they would not sell for the amount due the petitioner; that he had been informed that more than $10,000 had been paid on the Bishop's mortgage, though it stood on the record in full force for its whole amount, and that no purchaser would take the risk that the premises were not liable for such full amount.

A sale of the property being necessary, the petitioner asked for leave to amend his bill, which had been taken *pro confesso* as to all the defendants, by inserting his own name as plaintiff instead of defendant, and by making the Bishop and Targee parties, with such averments as would enable the final decree to settle the amount due to them respectively, or for leave to vacate the decree of foreclosure and dismiss this suit, or for other relief, &c. Notice of the motion had been given to the older mortgagees, and to the owners of the equity of redemption.

  H. H. STUART, *for petitioner.*

  E. SANDFORD, *for one of the defendants, who, as trustee, had executed the mortgage.*

  J. T. DOYLE, *for the Transfiguration Church, who, as cestui que trusts, were owners of the equity of redemption.*

EDMONDS, Justice.—A final decree, regularly obtained and enrolled,

cannot be opened or altered in this court, but on a bill of review; and if not enrolled, but regularly obtained and entered on the minutes, it can be corrected only on a re-hearing, (*Bennett* v. *Winter*, 2 J. C. R. 205;) and in the latter case, the court will not, on motion, entertain an application to vary it, unless by consent of all parties, or in respect of matters which are quite of course, as in case of a clear mistake in the counsel's drawing it up, (1 Paige, 189 ; 7 ib. 382,) or where some ordinary direction has been omitted, (1 Russ, 475; 4 J. C. R. 546,) or where costs have, by inadvertence, been given to a party not entitled to them (2 Wend. 221;) but except in matters of form or clerical errors, or where the matter is clearly consequential on the directions already given, it is a principle of the court, which it would ·be unsafe to depart from, that no alteration can be made in a decree on special motion. It would, therefore, in my opinion, be improper to grant the motion to amend.

Nor is the other branch of the petitioner's application without its difficulties. He very naturally asks, why the court should refuse to let a man discontinue a suit in his own favor, even after he has got a judgment? But several quite cogent reasons suggest themselves in answer to the question.

Where a bill is dismissed by order of the court, it is a bar to another suit; but where it is voluntarily dismissed by the plaintiff himself, he may sue again. To establish a precedent which should give the plaintiff this right especially after decree, might be made to operate vexatiously and oppressively. Every decree affects other rights besides those of the plaintiffs. All parties become interested in it, and any of them may take steps to have the effect of it. (*Carrington* v. *Holly*, 1 Dickins' R. 281.)

In this very case the question may arise, whether Burke, one of the trustees who executed the mortgage, is not personally liable for any deficiency. Such personal liability may not have been decreed in this case, yet, by allowing a new suit, he may be subjected to a litigation on that point. This would not be just to him without his consent, and therefore it was that I inquired on the hearing whether the petitioner would take a dismissal of the suit, with a stipulation waiving his personal liability, to this I understood Burke to consent; but the petitioner very properly replied, that as administrator, he had no authority to make'such an arrangement, and so Burke persists in his opposition to the motion.

Now, I understand it to be a rule of this court, not to suffer a plaintiff to dismiss his bill after a decree, unless upon consent. (1 Barb. Ch. Pr. 228; 1 Dan. Ch. Pr. 930; *Lashley* v. *Hogg*, 11 Vesey, 602; *Gilbert* v. *Faules*, 2 Freem. 158; *Anon.* 11 Ves. 169.)

I do not, then, well see how I can grant this part of the motion even, without establishing a precedent which may be fraught with much mischief. It is true that I do not see the prospect of doing much mischief in this particular case, for except as to Burke and and his co-trustees; it does not seem to be a matter of any consequence to any of the parties; and as to them, their liability may be already established; for as the decree is not before me, I do not know how that is. But it is the danger of the precedent which affects me, and I do not therefore look so clearly as I otherwise should into their exact position.

The petitioner, however, is not without all remedy. He may himself become the purchaser on his mortgage sale, and then contest with Bishop Hughes the amount due to him; or he may offer to redeem from him, and it has occurred to me that perhaps he may get rid of the decree, by obtaining a re-hearing. (*Gardner* v. *Dezing*, 2 Edw. 131; *Clarke* v. *Hall*, 7 Paige, 382.)

Be that, however, as it may, I can not feel myself at liberty on this motion to grant the petitioner either of the forms of relief which he asks.

The motion must be denied, but without costs.