THOMAS CHADWELL vs. HENRIETTA McCALL & others.

April Term, 1874.

PRO-CONFESSO—DECREE THEREON.—No relief can be granted upon a bill taken for confessed against the defendant, beyond the fair scope of the allegations and prayers of the bill.

CASE IN JUDGMENT.—Thus, where the bill was filed to foreclose a mortgage on realty made by the defendant while a *feme covert*, jointly with her husband, to secure a note of the husband and wife, and the property mortgaged was held by the wife to the separate use of herself and family, without any power to sell or mortgage, and, consequently, both the note and mortgage were void, it was held that no relief could be granted upon the bill taken for confessed, although the note and mortgage were given to secure money loaned to pay taxes due upon the land, and for the support of the *feme* and her children. But the court gave the complainant leave to amend, upon paying the costs of the amendment.

*Thos. H. Malone*, for complainant.

*Thos. M. Steger*, for defendants.

THE CHANCELLOR :—John Sigler, the father of Henrietta McCall, conveyed by deed certain real estate to Thomas A. McCall, husband of the said Henrietta, in trust for the grantor for life, and, after his death, to convey the same in the event which happened, to his two daughters, Elizabeth Hawkins and Henrietta McCall, equally share and share alike, "and the said property, when conveyed to my said daughters, is to be held for the support and enjoyment of them and their families, and free from the debts and liabilities of the husbands." After the death of the father, the property was by decree of this court divided between the daughters, and on the 18th of August, 1866, the husbands of these daughters joined in a bill in this court against their wives and children for a construction of the deed of Sigler, and for a sale of some of the property as manifestly necessary for the payment of taxes then in arrears, and as subsequently reported by the Clerk and Master, to the amount of $1,734, and to the interest of the parties for their support and maintenance. The then Chancellor, Hon. David Campbell, held that, under the deed of Sigler, the daughters "take the property mentioned therein for their sole and

separate use, and their children have thereunder a right to a support out of the same, as members of their respective families, and so long as they remain at home constituting part of the family." The Chancellor also ordered two lots, with dwellings thereon, each fronting 33 feet on High street and running back 180 feet, to be sold to raise money to pay the taxes, and other expenses, and improve vacant property. The property was offered for sale, but no purchaser could be found at the minimum price fixed upon the lots.

In this state of affairs, the complainant advanced to Hawkins and wife $2,000 on their joint note, and to McCall and wife $1,100 on their note, each note being at three years with interest at the rate of six per cent. payable semi-annually. He took from them a conveyance in mortgage or trust of the two lots on High street as aforesaid, one of them which had been allotted to Mrs. Hawkins, to secure the note of Hawkins and wife, and the other which had been allotted to Mrs. McCall, to secure the note of McCall and wife. This conveyance recited all the foregoing facts with great particularity, and the purpose of the loan. The recital as to the $1,100 advanced to McCall and wife is that it was advanced by Chadwell "for the purpose of paying the residue of said taxes—meaning the one-half, the other half to be paid out of the loan to Hawkins and wife—and for the purpose of raising means for the support and maintenance of said Henrietta McCall and family and educating her children." The conveyance gave to Chadwell, upon default of payment, the power to sell the property for cash, free from the equity of redemption.

The bill is filed for the purpose of foreclosing the mortgage, alleging, however, the facts to have been as set out in the mortgage. The bill is taken as confessed against Henrietta McCall, now a widow. Her children appear and answer by guardian *ad litem*, and resist the complainant's application.

The deed of Sigler, as construed by this court, and the construction is admitted by the complainant's counsel to be

41

correct, gave to Henrietta McCall her moiety of the property to her sole and separate use, and contains no power of disposition. Under these circumstances, it is clear, according to the law as settled by our Supreme Court in *Gray* v. *Robb*, 4 Heisk. 74, 78, that she had no power to make the mortgage in question, and that as a mortgage, it is simply void. The note, too, secured by the mortgage was clearly a nullity so far as the married woman was concerned, and not personally binding upon her. *Sheppard* v. *Kindle*, 3 Hum. 81.

But, it is contended by the learned counsel for the complainant, the contract of loan, evidenced by the written instruments, was made for the benefit and preservation of the trust property, and as such is a proper charge upon the separate property, without an express agreement to bind it, and *a fortiori* where there is such an express agreement. This doctrine has undoubtedly been recognized by our Supreme Court in some cases, as, for example, where services had been rendered by solicitors in the preservation or protection of such estates. *Hunt* v. *McClanahan*, 1 Heisk. 509 ; *Grimes* v. *Weems*, Ms., Nashville, 1870 ; *Hardin* v. *Green*, Ms., Brownsville, 1868, cited 3 King's Dig., p. 69. It is warmly approved *arguendo* by the learned judge who delivers the opinion of the court in *Shacklett* v. *Polk*, 4 Heisk. 104, 113, citing a number of cases from other states. The doctrine seems to be manifestly just, and to rest upon sound principle. It would only apply, however, to so much of the money loaned as was actually used in the payment of taxes. As to so much of the money as was used in the support of Henrietta McCall and family and the education of her children, the complainant's right must be rested upon another principle, and that is upon an express agreement to create the charge. See the cases cited in *Shacklett* v. *Polk*, 4 Heisk. 115.

The difficulty of giving relief upon either of these grounds in the present case, is technical, but I am afraid insuperable, as the pleadings now stand. The bill is based entirely upon the mortgage, and its only prayer is for its foreclosure. A

*pro confesso* upon such a bill cannot bind the defendant beyond the fair scope of the allegations and prayers. *Ross* v. *Ramsey*, 3 Head, 15, 17; Sto. Eq. Pl., § 405, 7th ed.; *Goodhue* v. *Churchman*, 1 Barb. Ch. Rep. 596; Code, 4,371. If the defendant had answered, the rule would, perhaps, not be so rigid. But it is obviously just that the complainant should not be prejudiced by pleadings shaped, doubtless, previous to the recent decision in 4 Heisk. 74, and I will give him leave to amend his bill as he may be advised, without any penalty except the payment of the cost of amendment, and the service thereof upon the defendants.