IN THE MATTER OF THE APPLICATION OF MARY E. PRICE FOR
LEAVE TO SELL HER REAL ESTATE.

67   231
142   455

Where proceedings are instituted, under the statute, for the sale of the real
estate of an infant (2 R. S., 194, § 170, *et seq.*), from the time of the
application, the infant is to be considered as a ward of the court so far
as relates to the property affected, its proceeds or income.

The special guardian is an officer of the court, and so long as the purchase
money remains in his hands, and until the infant arrives at majority
and receives it, the court has control over it and over the proceedings. It
may correct any irregularities or error on the part of its officers in the
proceedings, so as to protect a party likely innocently to suffer thereby.

In proceedings under said statute the petition stated, and the referee to
whom it was referred to ascertain the facts reported, that the infant
owned an undivided one-half of the premises, and this was the belief of
all parties concerned in the proceedings during their progress. A sale
was ordered and made, of the interest of the infant, and an order granted
approving of the conveyance to the purchaser. Thereafter, in an action
of ejectment against the grantee of the purchaser, it was, in effect,
determined that the infant only owned an undivided one-third. The
purchaser, having made compensation to his grantee for the deficiency,
moved, in the proceedings, that the special guardian of the infant be
required to refund one-third of the purchase-money. *Held*, that the
motion was properly granted.

(Argued October 3, 1876; decided November 14, 1876.)

APPEAL by Mary E. Price from an order of the General
Term of the Supreme Court in the first judicial department,
reversing an order of Special Term which set aside the report
of a referee and denied the prayer of Henry S. Hewson, pur-
chaser, to be refunded certain moneys paid by him upon the
purchase of the interest of said Mary E. Price, an infant.
Said order appealed from, also granted the prayer of said
petitioner. (Reported below, 6 Hun, 513.)

Proceedings in the above-entitled matter were commenced
in 1868 to sell the real estate of said infant. The petition set
forth, in substance, that Lewis Jackson died intestate seized
of the premises in question leaving him surviving his widow,
a daughter, and said Mary a granddaughter (daughter of a

deceased son), his only heirs at law and next of kin. An order was entered appointing a special guardian and referring it to a referee to take proof of the facts. The referee reported the facts substantially as alleged in the petition. The report was confirmed by order and the guardian empowered to contract for a sale and conveyance of the infant's ·" right, title and interest." The guardian reported a contract with said Hewson. The report was confirmed and the guardian directed to convey. In February, 1869, he conveyed to Hewson the " right, title and interest " of the infant. Hewson also purchased the interest of the daughter and then conveyed the premises, by full covenant warranty deed, to Sarah Talman. In October, 1871, one Georgiana S. Jones, claiming to be a granddaughter of said Lewis Jackson, brought ejectment against Sarah Talman to recover an undivided one-third of the premises and obtained judgment therefor. Hewson, thereupon, bought the interest of said Georgiana and had it conveyed to his grantee. He, thereupon, petitioned herein that the special guardian refund to him one-third of the purchase money paid by him for the infant's interest. It was referred to a referee to take proof of the facts, with his opinion. The referee reported such facts substantially as above stated and that Hewson should be paid the one-third, with interest. Upon motion to confirm the report the Special Term denied the motion, set aside the report, and denied the prayer of the petitioner.

*John Townshend* for the appellant. The contract for the purchase by Hewson was made with the court and was between Hewson and the court. ( *Veeder* v. *Fonda*, 3 Paige, 97.) After conveyance a purchaser is confined, as to title, to his remedy on his covenants. (Kerr on Fraud and Mistake [Am. ed.], 432, 433.) A deed conveys only such rights as the grantor has at the time, and no covenants are implied. (1 R. S., 739, § 143; id., 738, § 140; *O'Neil* v. *Whitaker*, 1 De G. & S., 83; *Hawkins* v. *Jackson*, 2 McN. & S., 372; *Burwell* v. *Jackson*, 9 N. Y., 540; *Thorp* v. *Keokuk Coal*

*Co.*, 48 id., 253, 256; *Burk* v. *Walker*, 3 Barb. Ch., 438; 1 Sugd. on Vendors [8th Am. ed.], 510 [337]; 2 Dart on Vendors [4th Eng. ed.], 711.) No warranty is implied in a deed by a guardian. (Rorer on Judicial Sales, 167, § 458.) The maxim *caveat emptor* applies to purchasers at judicial sales. (Rorer on Judicial Sales, 168, §§ 459, 462.) If the court made a mistake as to the interest of Mary E. Jackson the suitor must pay for it. (*Raynor* v. *Selmes*, 52 N. Y., 580; *Cazet* v. *Hubbell*, 3 Tr. App., 333.) In the absence of fraud or legal mistake the purchaser can have no relief. (*Maynard* v. *Moseley*, 3 Swanst., 651.)

*S. V. R. Cooper* for the respondent. No covenants are implied in the deed from the guardian. (1 R. S., 738, § 140; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y., 256; *Thomas* v. *Powell*, 2 Cox Eq. Cas., 394; *Abbott* v. *Allen*, 2 J. Ch., 519.) A court of equity has the power and will relieve a purchaser in case of mistake, fraud or misrepresentation, or of a mutual mistake of fact whether there are covenants in the deed or not. (*Denston* v. *Morris*, 2 Ed. Ch., 37; *Bingham* v. *Bingham*, 1 Ves., 126; Belts' Supt., 1 Ves., Sr., 78; *Gillespie* v. *Moore*, 2 J. Ch., 585; *Caverly* v. *Williams*, 1 Ves. Jr., 210; *Northrop* v. *Graves*, 19 Conn., 548; *McNaughton* v. *Partridge*, 11 Ohio, 223; *Gratz* v. *Redd*, H. B. Mon. [Ken.], 190; *Edwards* v. *McLeay*, Cooper's Eq., 308; 1 Story's Eq. Jur. [8th ed.], §§ 140, 147, 193, 194; *Church* v. *Steele*, 2 N. Y. Wk. Dig., 52; 2 Sudg. on Vendors [8th Am. ed.], 197, 552.) The purchaser was entitled to compensation out of the purchase-money. (*Cann* v. *Cann*, 3 Sem., 447; Story's Eq. Jur., §§ 193, 142; *Denston* v. *Morris*, 2 Ed. Ch., 37; *Cooper* v. *Cooper*, 4 Irish Ch., 75.)

FOLGER, J. We are of the opinion that the order of the General Term should be affirmed.

This was an application to sell the real estate of Mary E. Jackson, an infant, in pursuance of the statute. (2 R. S., p. 194, § 170.) John Townshend, Esq., was therein appointed

guardian of the infant, in relation to the proceedings on the application (id., § 171), and he has continued such ever since. Such a guardian is subject to the direction of any court having authority, in the paying over, investing and accounting for, all moneys that shall be received by him, and must observe the orders and directions of the court in relation to the trust (id., § 172); and he must give bond to that effect. (Id., § 172.) Before a sale is made it must be ordered by the court. (Id., § 175.) The agreement for a sale must be reported and confirmed by the court, when a conveyance may be executed under the directions of the court. (Id., § 177.) From the time of the application to the court, the infant is to be considered a ward of the court, so far as relates to the property, its proceeds or income, and *secus*, remains such though afterwards married (*In re Whitaker*, 4 J. Ch., 378); and the court supervises the disposition of the proceeds of the property, and the investment of the surplus for the benefit of the infant, and requires periodical accounts from the guardian. (Id., § 179.) No sale gives the infant any other or greater interest or estate in the proceeds of the sale, than was had in the estate sold; and the proceeds are to be deemed real estate of the same nature as the property sold (id., § 180), until the infant attains majority. (*Forman* v. *Marsh*, 11 N. Y., 544.) We have given this synopsis of the statute, to show that the special guardian is an officer of the court, and that, until the infant arrives at majority, and until the purchase-money has been, in fact, paid over to the infant, and as long as it remains in the hands of the special guardian, the court has control over it, and control over all the proceedings in the application. Doubtless, a court of equity has control of the proceedings before it, in any matter, and may correct irregularities and rectify mistakes therein, at any reasonable time after they occur; and it seems, from the continuing authority given to the court in the matter of a sale of the real estate of an infant, that it has, in especial manner, supervision and control of the proceedings therein. Indeed, it is the court itself, through its officers, the special guardian and the referee,

which is the actor between its ward the infant, and the purchaser. Surely, it is incidental to the jurisdiction of a court in any case once moved before it, and not yet passed from its control, to overhaul any of the proceedings for irregularity or for errors made by its officers, and by further order, to amend them, so as to protect a party likely innocently to suffer thereby. So, in *Davison* v. *De Forest* (3 Sand. Ch., 456, 499), where there was doubt whether purchasers at a sale of the real estate of four infants had got good title to the whole premises, and a part of the purchase-money remained in bond and mortgage to the clerk of the court, the court refused to order payment of the proceeds to the survivors of the four infants, unless they would execute conveyances of their title to the purchasers. It was there said: "If there be any room for doubt as to the conveyance having transmitted the title, which the court ordered and intended, it is due to the purchasers, upon the faith of the order of the court, to make suitable provision for the vesting of such title as may remain in any of the claimants of the fund, before permitting them to receive it. As the whole subject is peculiarly within the disposal of the court, provision should be made for the protection of the purchasers, against the doubt of their having acquired the whole estate in the lands sold. The proceedings show clearly, that the court aimed to vest them with the whole title."

There is no doubt here, but that the intention of the court was, to sell and convey an equal undivided half of the whole premises. It was the intention of the purchaser, to buy an interest to that extent. It was the belief of all concerned in the proceedings, at every stage of them, that the infant had good title to an equal undivided one-half part; and that by the order of the court, an interest to that extent would pass to the purchaser, by the conveyance ordered by the court and made by its officers. Nor is there any doubt but that in this, the court, and its officers and all concerned, were innocently in error. There did exist, a tenant in common of the lands, who owned an interest in the premises equal to that of the

infant. This was a fact unknown, when the proceedings for a sale were pending, and until after the order of the court was made, approving of the conveyance to the purchaser. It was an important, relevant fact, which materially varied the case, and would, had it been known, have caused different action on the part of the court and the purchaser. It does not appear that it could, by proper diligence and inquiry, have been discovered by the purchaser sooner than it was. Upon an analogous case, in a contested suit, after a decree has been signed and enrolled, chancery allows the bringing of a bill of review, (*Goodhue* v. *Churchman,* 1 Barb. Ch., 596 ; *Hunt* v. *Smith*, 2 Rich. Eq., 465 ; *Wiser* v. *Blachly*, 2 J. Ch., 488) ; even after affirmance of the decree on appeal (*Barbor* v. *Searle*, 1 Vern., 416) ; and will grant relief by a reversal or modification of the former decree. And before final decree a similar practice was followed. (*Gardner* v. *Dering*, 2 Edw. Ch., 131 ; *Land* v. *Wickham*, 1 Paige, 256.) There is an analogy too in courts of law, though not so close, in cases in which a new trial is granted for newly-discovered evidence.

It would be manifest injustice in the case in hand to compel the purchaser to pay for a fictitious interest in land ; and we are glad that we find power in the court to open its proceedings, and take proof of the newly-discovered important fact, and conform its order and conveyance, and the amount of the purchase-money, to the true state of the case. The mode in which this has been done in this case, seems to have saved the rights of all parties and to have wrought justice.

All concur.

Order affirmed.