DANAHY v. FAGAN et al.

(Supreme Court, Special Term, New York County. June 4, 1909.)

1. SPECIFIC PERFORMANCE (§ 33*)—GUARDIAN'S CONTRACT—STATUTES.

Code Civ. Proc. § 2345, provides that an action may be maintained against an infant to procure a conveyance of real property, where the infant is seised or possessed by way of mortgage or in trust for another, or where a valid contract of sale has been made, but a conveyance cannot be made by reason of the infancy of the person in whom title is vested; and section 2347 declares that a judgment directing such conveyance shall not be rendered unless the court, after hearing, is satisfied that the conveyance ought to be made. *Held,* that neither of such provisions authorized a suit for specific performance against infant owners of an interest in real estate, to compel performance of a contract for the sale of their interest made by their special guardian, pursuant to an order of the court, after the death of such special guardian.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 33.*]

2. GUARDIAN AND WARD (§ 85*)—SPECIAL GUARDIAN—REAL ESTATE—CONTRACT TO CONVEY—ENFORCEMENT.

Where a special guardian of infants, after having been directed by the court to convey the interest of her wards in certain real estate to complainant, died without having executed such conveyance, and the purchase money remained unpaid, the guardian's death did not invalidate the contract, and complainant's remedy was to apply in that proceeding for the appointment of a new guardian to carry out the order for conveyance.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 85.*]

3. JUDGMENT (§ 743*)—RES JUDICATA—ORDER DIRECTING CONVEYANCE OF MINORS' REAL ESTATE.

An order directing a special guardian of certain minors to convey their interest in certain real estate to plaintiff, so long as it remained in force, was res judicata of the propriety and necessity of the sale, and precluded the maintenance of a suit for specific performance.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 743.*]

Action for specific performance by Cornelius Danahy against Harry Fagan and others. Dismissed.

Hitchings & Palliser (Lyon W. Thompson, of counsel), for plaintiff. Joseph T. Ryan, for defendants.

GIEGERICH, J. The action is to compel the defendants, who are infants to convey to the plaintiff their one undivided half interest in certain real property, situate in the former town and county of Westchester and now in the borough of the Bronx and county of New York, according to the terms of a contract made by Mary Fagan, their mother, and also their special guardian, with the plaintiff, pursuant to an order of the court, as hereinafter stated. The plaintiff was the owner of an undivided half interest in the premises in suit, and Harry Fagan, the father of said defendants, was the owner of the other half interest when he died, on or about July 22, 1901, seised thereof and intestate as to the same. He left him surviving Mary Fagan, his widow, and the four infant defendants, his children. Upon the petition of Mary Fagan she was appointed special guardian, and a referee was appointed to examine into the advisabilty of the sale of the property in suit, and to report thereon. The referee, by his report dated October 14, 1905, found that:

"The sum of one thousand dollars ($1,000) is the fair and reasonable value of the interest of the infants and their mother in the realty described in this matter, * * * and the share or interest of the said infants in the premises described in the petition herein should be sold."

On October 19, 1905, this report was confirmed, and the special guardian was authorized and empowered to contract for the sale and conveyance of such interest, subject to the approbation of the court. On October 25th she reported that she had entered into an agreement, dated October 23d, subject to the approval of the court, for the sale of such interest in the premises in suit, which report was confirmed on October 27th, and the special guardian was "authorized and directed to execute a deed for the conveyance of said infants' said realty to Cornelius Danahy in accordance with the terms of said agreement." The agreement, which is set forth in full in the third paragraph of the complaint, provides for the sale of the undivided half share or interest of the defendant in the real estate in controversy for the sum of $1,000, to be paid as follows: $50 on signing of the contract, and the balance on the delivery of the deed, which was to take place on November 8, 1905, at 1 p. m., at the office of Mr. John Hetherington, No. 16 Exchange Place, in the city of New York, or at any day prior thereto, if so agreed. When the contract was signed the plaintiff paid the $50 deposit as required, which has not been returned to him. At the time fixed for the closing of the title the plaintiff claimed that it was defective; but it is stated in his counsel's brief that such defect has since been cured through his efforts. Several adjournments were had: but the defendants claim that no further adjournments were had after December 19, 1905, to which date they contend it was last adjourned, but this is disputed by the plaintiff. On March 29, 1906, the special guardian died, and no one has been appointed in her stead. The plain-

tiff claims that after her death he kept on urging the attorney who represented her in her lifetime, and who has now succeeded her as guardian ad litem for the infant defendants in this action, to finish the transaction for him, and that he continued in his efforts to clear the title, and finally succeeded in doing so at his own expense and loss of time.

The summons in the present action is dated December 12, 1906, and the complaint was verified on December 21st; but the defendants were not served with a copy of the summons and complaint until March 8, 1907. The case was not noticed for trial in Westchester County, where the action was commenced, until December 11, 1907; the defendants serving cross-notice on December 17th. On January 15, 1908, by stipulation the place of trial was changed from Westchester to New York county. After such removal, the plaintiff noticed the case for trial on May 18, 1908; the defendants serving cross-notice on the same day. The defendants claim that the alleged defect in the record title which caused the plaintiff to refuse to accept the same has not been cured by the addition of anything to the record of the title by any court proceeding, but by ex parte affidavits which were not produced. They further urge that specific performance should be refused because of the alleged laches of the plaintiff and the increased value of the property. All these contentions are seriously disputed by the plaintiff, who insists, in answer to the challenge of the defendants to the jurisdiction of the court in the premises, that the action has been properly brought under section 2345 of the Code of Civil Procedure. The defendants, on the other hand, maintain that subdivision 2 of said section, upon which the plaintiff relies, does not apply to the case at bar, but is limited to those cases where a contract has been entered into by an ancestor who had died before the delivery of the deed, and that the infant heirs are unable to convey by reason of their infancy.

It will be best to first pass upon the objection last urged by the defendants; for, if it is well taken, then obviously the other points so raised by them to defeat specific performance need not be considered. Section 2345 of the Code provides:

· "In either of the following cases an action may be maintained against an infant, or a person incompetent to manage his affairs by reason of lunacy, idiocy or habitual drunkenness, to procure a judgment directing a conveyance of real property, or of an interest in real property: (1) Where the infant or incompetent person is seized or possessed of the real property, or interest in real property, by way of mortgage, or only in trust for another. (2) Where a valid contract for the sale or conveyance of the real property, or interest in real property, has been made; but a conveyance thereof cannot be made, by reason of the infancy or incompetency of the person in whom the title is vested."

The plaintiff cites Wurster v. Armfield, 175 N. Y. 256, 67 N. E. 584, in support of his contention that the present case comes within the provisions just quoted. In that case the defendant agreed to give a renewal of a certain lease, and when an action was brought to compel him to execute the same he resisted on the ground that he was incompetent when such agreement was made. Since the agreement for a renewal of the lease was made by the alleged incompetent, the action was properly brought against him. Such form of action was expressly authorized by part 2, c. 5, tit. 2, § 22, of the Revised Statutes (2 Rev.

St. [1st Ed.] p. 55), which provided ·that specific performance of any·
bargain, contract, or agreement which may have been made by any
lunatic while he was capable to contract might be decreed by the Court
of Chancery, and that it could direct the committee of such person to
do and execute all necessary conveyances and acts for that purpose.
These provisions have been substantially incorporated into sections
2345 and 2347 of the Code of Civil Procedure.

The present case, however, is essentially different in its facts from
the case so cited. Here the contract was not made by the ancestor of
the infants, but by their special guardian, pursuant to the order of the
court. It is obvious that this case does not come within the first subdi-
vision of section 2345, and the question is presented whether it is
within the second subdivision. As already seen, the latter does not in
express terms state by whom the contract must have been made in
order to entitle the purchaser to maintain the action. All it provides
is that where a valid contract for the sale or conveyance of real proper-
ty has been made an action for specific performance may be maintain-
ed, and it may be argued, from such omission to specify whether made
by an ancestor, a special guardian, or a committee, that the Legislature
intended to make the second subdivision apply to all cases where a con-
tract was made, irrespective of the person by whom it was made. The
words which follow the clause "where a valid contract for the sale
or conveyance of real property, or interest in real property, has been
made," however, preclude the idea that such subdivision applies to a
case like the present, where, as above shown, the special guardian was
directed to convey pursuant to a contract, the terms of which were ap-
proved by the court. Here the infancy of the defendants cannot be
said to have been the cause which prevented a conveyance of the prop-
erty, since said conveyance has already been directed to be made by
the special guardian pursuant to the order of the court. The special
guardian is an officer of the court, and, since the deed of the property
has not as yet been delivered and the balance of the purchase money
remains unpaid, the court still has control of the special proceeding.
Matter of Price, 67 N. Y. 231, 234. The death of the special guard-
ian did not invalidate the contract, and her successor, when appointed,
can carry out its terms. Lynch v. Kirby, 36 Mich. 238, 241.

These views as to the meaning of the second subdivision are in ac-
cord with those of the codifiers as declared by Mr. Throop in his an-
notations to section 2345, and the preliminary note to chapter 17, tit.
7, of the Code, of which that section is a part. Throop's Ann. Code
1891, pp. 408, 410. In his notes to that section he says that it was—

"substituted for portions of the following statutes, which gave a remedy
against the infant, lunatic, etc.: 2 Rev. St. (1st Ed.) p. 55, pt. 2, c. 5, tit. 2, §§
20, 22 (3 Rev. St. [5th Ed.] p. 137; 2 St. at Large [Edmond's Ed.] p. 56), and
Laws 1874, pp. 573–575, c. 446, tit. 2, §§ 9, 25, 26, and sections 23 and 24 as amend-
ed by Laws 1875, pp. 654, 655, c. 574, §§ 7, 8, relating to a lunatic, etc.; and 2
Rev. St. (1st Ed.) p. 194, pt. 3, c. 1, tit. 2, §§ 167, 169 (3 Rev. St. [5th Ed.] p.
275; 2 St. at Large [Edmond's Ed.] p. 202), relating to an infant. As the two
sections last cited contemplated that the relief should be obtained by action, it
was thought preferable to abolish the more summary remedy contemplated
by the other sections cited. In other respects all these provisions have been

consolidated and abbreviated in language, without substantial change of meaning." Throop's Ann. Code 1891, p. 410.

Since no change was intended by the codifiers, and none was clearly made by the language employed, resort should be had to the earlier statutes, from which the provision under consideration was taken. Section 169, pt. 3, c. 1, tit. 2, of the Revised Statutes, prescribed that:

"The Court of Chancery shall have power to decree, and compel a specific performance, by any infant heir or other person, of any bargain, contract or agreement, made by any party who may die before the performance thereof, on petition of the executors or administrators of the estate of the deceased, or of any person interested in such bargain, contract or agreement, and on hearing all parties concerned, and being satisfied that the specific performance of such bargain, contract or agreement ought to be decreed or compelled."

The last sentence of the foregoing provision has been incorporated into the first sentence of section 2347 of the Code, which provides that:

"A judgment, directing such a conveyance, shall not be rendered, unless the court, after hearing the parties, is satisfied that the conveyance ought to be made."

It will thus be seen from the foregoing provisions that performance of a contract could only be compelled where it was made by the ancestor, and he died before it could be performed, and the court, upon hearing the parties, was satisfied that specific performance should be decreed. The true meaning of the provisions which were so incorporated in abbreviated form into the second subdivision of section 2345 of the Code is that the only contract which can be enforced is one made by the ancestor of an infant, and not, as in this case, one made by a special guardian who has been directed by the court to convey in accordance with the terms thereof. There is neither any allegation nor proof that the contract in suit, or the order approving it and directing a conveyance pursuant to its terms, was obtained by fraudulent practices or through inadvertence or mistake. On the contrary, both parties rely upon the orders and proceedings had in the special proceeding in order to sustain the positions they have respectively contended for. I therefore fail to perceive upon what theory the equitable powers of the court can be invoked to set aside such contract and order directing a conveyance of the interest of the defendant in the property in controversy. If the case had fallen within the provisions of the second subdivision of section 2345 of the Code, the court, under section 2347 thereof, might have refused specific performance, unless it was satisfied that the conveyance ought to be made; but, as already stated, the case does not come within such provisions.

Besides, performance by the special guardian has already been directed by the court, and so long as the order directing it remains in force the matter must be regarded as res adjudicata. A dismissal of the complaint will have the effect of extricating the parties from the dilemma in which they have been placed by the bringing of this action. They will then be free to apply for relief in the special proceeding in which the order directing a conveyance was made. There the rights of the parties can be fully protected, and if it be determined, in case a motion is made to set aside such order, that it should stand, the contract can be carried out when a new special guardian is appointed. This was

expressly held in Lynch v. Kirby, supra, and, although it is an adjudication outside this state, the following reasoning (found in 36 Mich. at page 241) is particularly applicable, by analogy at least, to a situation like the one presented by the death of the special guardian in the case at bar, viz.:

"The guardian who received the license at length made the sale and reported it to the court, and the court confirmed the sale and ordered conveyance. The death of the guardian before conveyance could not and did not invalidate the sale. That was complete. The purchasers were entitled to conveyance, and no reason is perceived why the successor in the deceased guardian's place might not be directed to complete the transaction by deeding and receiving the price. There is no express provision that conveyance must be made by the same person who as guardian effects the sale, and nothing is discovered which implies any necessity for such a rule. On the contrary, it cannot be doubted but that such a regulation would often lead to great embarrassment and useless expense. Every sale not carried out by deed would necessarily fall to the ground in case of death, resignation, or removal of the guardian. The act of conveyance is rather official than personal, and more of a function of the place than a matter appropriated to any individual, and I think the probate court was warranted in authorizing and directing the new guardian to make the conveyance which was due in law and which the former guardian was at his death lawfully required to execute. The new guardian succeeded to such of the duties of the place as remained unperformed. The sale was already consummated, closed, and established. It was a matter finished. What remained to be done was to give the deeds and receive and account for the money."

My conclusion is that the complaint should be dismissed, with costs.